GILBERT REDMON, Plaintiff-Appellee, *v.* MICHAEL JAMES SOOTER, *et al.,* Defendants-Appellants.

(No. 70-194; )

Second District—September 20, 1971.

*Rehearing denied November 3, 1971.*

Gates W. Clancy, of Geneva, for appellant.

Maynard and Brassfield, of Rockford, for appellee.

Mr. JUSTICE RECHENMACHER delivered the opinion of the court:

This is an appeal from a judgment in favor of the plaintiff, Gilbert Redmon, and against the defendants, Michael James Sooter and Green Giant Company, a foreign corporation, in the amount of $70,000.00. The

Jury answered a special interrogatory that Sooter was the agent of Green Giant and rendered a general verdict against both defendants jointly for $70,000.00. A post trial motion to vacate the judgment; to set aside the verdict; for judgment notwithstanding the verdict and for a new trial was denied.

A two-count complaint was filed by plaintiff on October 28, 1969. In Count 1 of the complaint, it was alleged that as a direct and proximate result of the negligent operation of a 1960 Ford truck by defendant, Michael James Sooter, there was a collision between that truck and a 1965 Dodge truck owned and driven by plaintiff.

Count II was against Green Giant Company. The allegations of Count 1 were repeated therein and in addition, it was alleged that at the time of the collision Michael James Sooter was an employee of the defendant, Green Giant Company.

Defendants filed a motion to dismiss on the ground that plaintiff had previously elected his remedy under the Workmen's Compensation Act by filing a verified application with the Industrial Commission setting forth that the injuries alleged were received while plaintiff was an employee of Green Giant Company within the definition of the Statute. The motion was denied, and the defendants then filed their affirmative defense based on the same grounds. Plaintiff's reply denied the material allegations of the affirmative defense and denied that the allegations therein constituted a defense.

The record indicates that the plaintiff, Gilbert Redmon, was the owner of, and was driving his Dodge truck, loaded with sweet corn, in an easterly direction on Route 20. He testified that he had hauled corn, oats and beans for the Paw Paw Cooperative Grain Co. until about June 1, 1969, when he applied to Green Giant Co. to haul peas and corn for them. He did this until August 31, 1969, the date of the collision.

The defendant, Michael Sooter, was driving a truck northbound on Winnebago Road, carrying a gross weight of 25,000 lbs. The truck was owned by Gerald Marrs and leased to the Green Giant Company.

The collision occurred in the intersection of Route 20, and Winnebago Road. Plaintiff testified that he was hired to haul for the Green Giant Co.; that he furnished the truck and the driver (himself); that he paid his own expenses (i.e. gas, oil, maintenance, insurance, etc.); and that he was paid by Green Giant Co. with two checks—one for his truck and one for himself.

Defendant testified that he was hired as a seasonal employee by Green Giant Co., that he attended a class in May, 1969, for those who did not have a chauffeur's license. This was at the request of Green

Giant Co., and in May, 1969, he was assigned to drive the Marrs vehicle. He had no ownership interest whatsoever in the Marrs truck, did not pay for any maintenance, and received his pay check from Green Giant Co. Mr. Sooter further testified that a couple of days prior to the accident he told the plaintiff he had noticed his brakes were "different." Between that time and the accident, the brakes operated properly. As he approached the intersection, northbound on Winnebago Road, he applied his brakes 300 to 400 feet south of the intersection but passed completely through the stop sign at the intersection onto Route 20 without stopping. He first noticed the Redmon truck when it was to his left—"to the west" about 100 to 200 feet away. The impact took place right in the intersection, and the front end of Redmon's vehicle struck the truck driven by Sooter just behind the cab. Skid marks were left by the Redmon truck, but none by the Sooter driven vehicle. He testified that Mr. Redmon could not get out of his truck; Mr. Sooter was not injured and continued to work.

The plaintiff further testified that he never told anyone he was an employee of Green Giant Co. during the summer of 1969. Defendant attempted to introduce defendant's exhibit No. 3, which was a certified copy of plaintiff's application for adjustment of claim before the Industrial Commission, signed by both, the plaintiff, Mr. Redmon, and his attorney. The application states that Mr. Redmon, the plaintiff in this case, was injured while driving a truck for Green Giant Co. in the course of his employment by Green Giant. The court refused to admit the said application into evidence.

Dr. Fancsali, the treating physician, testified as to plaintiff's injuries and stated that plaintiff suffered a heart contusion for which he was treated by Dr. Keith Wrage; that in addition he suffered a cerebral concussion, abrasions and contusions about the face; a puncture wound of the right knee; a fracture of the right tibia, compound and comminuted, and a fracture of the right fibula. Dr. Fancsali also testified that plaintiff's fracture extended into the knee joint, that such a fracture decreases the function of the knee motion, that range of motion was still limited, and that the patient had soreness.

The doctor further testified that the plaintiff had fracture lines extending into a major weightbearing knee joint; that there would be an increase in wear and tear; and that based on past experience and history, arthritis would most certainly develop. He stated that if arthritis that is incapacitating develops, it may be necessary to perform a surgical procedure to relieve the pain or to regain motion if stiffness develops. The doctor further testified that the present limitation of

motion in the knee could become a permanent condition and that Mr. Redmon could continue to have pain and suffering from the condition of the injuries received in the accident. Further, he testified that at the time of the trial the x-rays revealed near healing of the fractures; that the x-rays showed some minimal pre-existing hyper tropic arthritis in the lumbar spine; that there was some atrophy in the muscle of the right leg, and that Mr. Redmon was partially disabled for his regular occupation as a truck driver and it was hard to say how long this would continue.

Defendant now assigns as reversible error various grounds including four principal points. We discuss first, defendant's claim that exclusion from evidence of plaintiff's application for benefits to the Industrial Commission requires reversal of the judgment.

Plaintiff urges that the case of *Springer v. Illinois Transit Lines, Inc.,* 318 Ill.App. 403, is controlling. In somewhat similar factual circumstances, it was therein held that Springer's petition filed with the State Industrial Commission was properly excluded from evidence as immaterial. The Court said at page 409: "The allegation in such petition as to employment did not tend to establish or change the actual status of the decedent at the time he received the injuries."

The issue in *Bassi v. Morgan,* 60 Ill.App.2d 1, was whether plaintiff was in the course of her employment at the time of her injury. That court distinguished the *Springer* case as "not applicable" because the *Springer* issue differed, being rather whether plaintiff when injured was an employee or an independent contractor (at page 6). Roberta Bassi was injured in Indiana while riding in a car driven by her employer, Richard Morgan. Affirmative defenses were filed alleging the occurrence arose in the course of plaintiff's employment, that both plaintiff and defendant were bound by the provisions of the Illinois Workmen's Compensation Act, and that plaintiff had no common law action against defendant. Plaintiff replied that although Morgan was her employer, she was not at the time and place of the occurrence in the course of her employment but was a non-paying guest-passenger. The trial court refused to admit into evidence her application to the Industrial Commission offered by defendant which stated she was injured in the course of her employment, and then struck Morgan's affirmative defense which raised the issue of course of employment. Judgment for plaintiff was reversed because of the refusal to admit into evidence plaintiff's application and because of "the consequence which followed. . .the striking of the affirmative pleas of the defendant. . ." (at page 6).

The Bassi court noted a variance in issues. We believe the Bassi

holding is distinguishable from the instant case because no such consequence as deprivation of an affirmative defense followed the exclusion from evidence of plaintiff Redmon's application to the Industrial Commission. At trial there was lengthy testimony by various witnesses concerning the factual working arrangement between plaintiff and Green Giant Company. The jury heard final argument on plaintiff's status, and was instructed that if it found defendant had proven its affirmative defense that plaintiff was an employee of Green Giant Company, the verdict would be for defendants.

█ █ *Korleski v. Needham.* 77 Ill.App.2d 328, involved an action for injuries sustained by plaintiff in a collision with an auto driven by a decedent who was allegedly in the course of his employment. The complaint was brought against the administrator of the decedent's estate and decedent's corporate employer. The trial court admitted into evidence for the purpose of proving an admission against interest on the part of the employer corporation which recited in part that decedent was killed in an accident arising out of his employment. We note several factors in that situation which are absent in this case. Wigmore discusses the admissibility of statements against interest as an exception to the rule excluding hearsay, and specifies several requirements. First, there must be a necessity for resorting to hearsay, as the death or unavailability of declarant for testimony, and second, there must be circumstantial probability of trustworthiness when made. The fact stated must have been against interest *at the time of the statement* or else the influence for correctness would not operate. Wigmore, *Evidence,* (Third edition), Secs. 1455, 1456, and 1466. Under the circumstances of the Korelski case, this court affirmed admitting the settlement contract as an admission against interest and found no reversible error. We do not perceive that ruling as equivalent for holding that exclusion of plaintiff's application to the Industrial Commission does amount to reversible error in the circumstances of this case. Such a statement is not, in any case, conclusive and essentially we agree with the *Springer* opinion that determination of plaintiff's legal status, which is an ultimate issue, must be drawn from factual circumstances surrounding his relationship with Green Giant Corporation rather than from his own conclusional statement, self-serving when made. Aside from this single piece of evidence, the issue was thoroughly probed at trial, and we believe the jury's verdict has a reasonable basis in the evidence.

█ Defendant's second principal claim of error in this appeal concerns special interrogatories. Defendant tendered four of them, as follows:

"Was the defendant, Michael Sooter, guilty of negligence which proximately contributed to cause the occurrence in question?

"Was the defendant, Michael Sooter, an agent of the defendant, Green Giant Company, at the time of the occurrence?

"Was the plaintiff, Gilbert Redmon, an employee of the defendant, Green Giant Company, at the time of the occurrence?

"Was the plaintiff, Gilbert Redmon, an independent contractor of the defendant, Green Giant Company, at the time of the occurrence?"

The court gave the first two and expressed a willingness to give one or the other of the last two special interrogatories, but not both. Defendant withdrew both, saying his intention was to offer them in tandem. It is our opinion that defendant thereby waived any right to claim error, but even had he not, we approve the view of the trial court. Either of the last two interrogatories sufficiently tested the ultimate issue of plaintiff's status against a general verdict. Reaching for more was unduly repetitious.

■ ■ The third principal assignment of error raised by defendant is that the medical expert testified as to mere possibilities and was allowed to give a second and inconsistent answer as to limitation of motion. The trial court examined the doctor's testimony and the authorities submitted. The doctor, Dr. Fancsale, was also the treating physician. He was unfamiliar with legal phraseology, but it appeared to the court that he did give his opinion based on a reasonable degree of medical certainty as to the nature and extent of the plaintiff's injuries and as to plaintiff's future condition. When a doctor is asked to base his opinion on a reasonable degree of medical certainty, the certainty referred to is not that some condition in the future is certain to exist or not exist; rather the reasonable certainty refers to the general consensus of recognized medical thought and opinion concerning the probabilities of conditions in the future based on present condition. (*Boose v. Digate* (1969), 107 Ill.App.2d 418.) We believe the testimony of the doctor described the medical basis which might affect the plaintiff's condition in the future and, in our opinion, his conclusions concerning future probabilities were not based on guess or surmise and were properly considered by the jury.

■ Defendant's fourth principal claim was that plaintiff's counsel's remarks on closing argument were prejudicial. Defendant interprets remarks of plaintiff's counsel as going to the use of a mathematical formula in computing pain and suffering. A reading of the transcript of the entire closing argument does not bear out this contention. The comments made were not, in our opinion, violative of the ruling set

out in *Caley v. Manicke*, 24 Ill.2d 390, as defendant claims, but were in fact, fair comment, and in no way prejudicial to defendant.

We find no substantial merit in numerous other points raised in this appeal and therefore affirm the judgment of the Circuit Court.

Judgment affirmed.

SEIDENFELD and GUILD, JJ., concur.