RODNEY E. HENDRICKS, Plaintiff-Appellant, *v.* RICHARD H. BETTNER, d/b/a Bettner Tiling Service, *et al.*, Defendants-Appellees.

Second District (2nd Division)   No. 75-436

Opinion filed August 12, 1976.

Anthony C. Raccuglia, of Peru, for appellant.

Don M. Mateer, of Gilbert, Powers & Mateer, of Rockford, for appellees.

Mr. JUSTICE RECHENMACHER delivered the opinion of the court:

This is an appeal from a summary judgment for the defendants in a personal injury suit. The plaintiff, Hendricks, sued Richard Bettner, doing business as Bettner Tiling Service, for personal injuries Hendricks received on or about February 9, 1973, when his vehicle was struck by a vehicle driven by an employee of Bettner.

In his answer defendant Bettner (hereinafter referred to as defendant), besides denying the allegations as to his or his employee's negligence, set up the affirmative defense that the plaintiff was also his employee and was, therefore, barred from maintaining this action by Section 5(a) of the Workmen's Compensation Act (Ill. Rev. Stat. 1973, ch. 48, par. 138.5(a)).

The defendant then filed a motion for summary judgment alleging that there was no genuine issue as to a material fact and that the plaintiff was his employee at the time of the accident in question, which motion he supported by affidavits and by copies of letters written by plaintiff's counsel. Defendant contends that the said letters amount to admissions by

the plaintiff establishing the plaintiff's employee status with the defendant.

There were three such letters relied upon by the defendant. A letter dated March 9, 1973, from plaintiff's counsel to the workmen's compensation carrier merely gives information from which it could be surmised that the plaintiff had made a claim for workmen's compensation benefits, since it gives details in support of such a claim. A letter dated March 23, 1973, also to the insurance company's adjuster, merely states:

"There was no agreement.

There was some negotiations leading in that direction, but according to everything I can find, the relationship between Bettner and Hendricks was Employer-Employee."

The third letter dated April 13, 1973, in its material parts stated:

"So far as this office knows and so far as we have been told there is no joint venture contract between Rodney Hendricks and Richard Bettner, nor has there ever been such a contract.

Mr. Hendricks on the date of his injury was an employee of Richard Bettner."

Besides the attorney's signature this letter also carried the plaintiff's signature in the margin.

In addition, the motion for summary judgment alleged that the plaintiff, at the time of the motion in question, had "accepted over $9,000 in payments from Country Mutual Insurance Company, the Workmen's Compensation carrier for the defendant Richard Bettner." A copy of the plaintiff's application for workmen's compensation benefits was also attached.

The plaintiff, in opposition to the motion for summary judgment, filed an affidavit stating that at the time of the accident he was an independent contractor working on a commission basis on the total amount Bettner received from his customers.

■■  The trial court's order granting the motion for summary judgment found that there was no genuine issue as to any material fact and that the defendant was entitled to judgment as a matter of law. No memorandum opinion was filed by the court, but we must assume that he considered the letters indicated above to be admissions binding upon the plaintiff which removed any issue as to his employment status and that such admissions were not negated by his later affidavit stating his relationship to the defendant as being that of an independent contractor.

The case of *Fountaine v. Hadlock*, 132 Ill. App. 2d 343, is cited by the defendant as supporting the trial court's ruling in the present case. In the *Fountaine* case the plaintiff was injured in a fall on the stairs of an apartment building where she was a co-tenant with the defendant. The plaintiff gave a deposition after the accident in which she stated she had

not been employed by the defendant and had not been paid anything by the defendant but had cleaned the stairs on her own initiative without compensation. However, when a motion for summary judgment was made by the defendant at the trial the plaintiff filed an affidavit stating that she had received a monetary consideration from the defendant for washing the stairs. The trial court disregarded the plaintiff's counteraffidavit and gave summary judgment for the defendant. The appellate court affirmed, saying that the counteraffidavit was not to be believed since it was made some 4 years after the original deposition and did not in any way explain the discrepancy between it and the original deposition made by the plaintiff.

We do not find the *Fountaine* case apposite to the situation before us. In the first place there is considerable difference between the *Fountaine* case and the case before us as to the nature of the question involved. In the *Fountaine* case the plaintiff in her original deposition was stating a fact entirely within her own knowledge, that is that she cleaned the stairs without soliciting or receiving any compensation therefor, and on her own initiative. In the case we consider here the question is as to a *relationship or status.* The assertion that one is an employee or not an employee may be a mere conclusion of law and even if confirmed as a fact later, the statement may have been a mere self-serving opinion at the time it was made, rather than an actual fact. Moreover, in the *Fountaine* case there was a sworn deposition made directly by the plaintiff and there is no doubt it was a judicial admission. There was no reason to believe the counteraffidavit, coming some 4 years later, without any explanation of the earlier inconsistent deposition. In the present case the claim for workmen's compensation benefits and the letters supporting such claim were not of equal dignity with a sworn deposition and moreover were self-serving in support of a claim for money. It is obvious that a claim for workmen's compensation benefits and correspondence in support of such a claim is only *evidence* of an employee status and does not establish it as a legal fact. While, therefore, as pointed out by McCormick on Evidence (Admissions of Party-Opponent), chapter 26, section 262, at page 630 (2d ed. 1972), an admission is proper evidence against a party even when not contrary to his interest when made, it is nevertheless only evidence and is subject to be contradicted or explained. The admissions in this case were not judicial admissions (such as admissions in a pleading or deposition or a stipulation) which concluded the parties making them from later disputing the facts stated therein but were, as McCormick says, only "*evidential* admissions" and since self-serving when made were far from conclusive. The trial court in the instant case treated the admissions of the plaintiff as conclusive as to the fact of the plaintiff's employment status, even though they were not judicial admissions. Considering the treatment

of such admissions in similar Illinois cases we believe this was error and that the motion for summary judgment should have been denied.

As pointed out by plaintiff's counsel in oral argument, there is very little difference (so far as it being an admission is concerned) between your attorney writing a letter supporting a claim for workmen's compensation benefits and personally submitting a claim on some insurance company's regular claim form, if the same statements as to entitlement to workmen's compensation benefits are made in each instance. Previous cases, where a formal claim was made to the workmen's compensation carrier, would therefore seem to be apropos in discussing the effect of such a claim and the acceptance of benefits thereunder, as an admission against the claimant on the question of his employment status.

In *Emma v. Norris*, 130 Ill. App. 2d 653, the court refused to consider the acceptance of such benefits as being conclusive as to the plaintiff's right to maintain a common law action. The plaintiff was injured on the premises of a hotel owned by Norris and managed by Innkeepers, Inc., a management firm. He sued both, alleging in alternative counts that he was an employee of Norris and that he was an employee of Innkeepers. While the litigation was pending he made a claim for workmen's compensation benefits, claiming the injury occurred while he was an employee of Norris. He received workmen's compensation temporary disability benefits to the extent of over $5,000. The trial court, after hearing a motion for summary judgment, found that Norris was a loaning employer, Innkeepers a borrowing employer, and rendered summary judgment dismissing the common law action against both. In that case it was argued that the acceptance of benefits under the workmen's compensation statute was an admission that the plaintiff was acting as an employee and was therefore limited to his remedy against Norris and then only to the extent of workmen's compensation benefits. In rejecting this claim, the appellate court said:

> "Norris has argued finally that Emma is also precluded from beginning a common law action against her by having elected to file a claim against her for workmen's compensation and by having accepted voluntary payments. * * * When an issue is raised, as here, by an applicant that he had no knowledge of and no access to the terms of an agreement alleged to affect his employment status, we will not rule that plaintiff has made a binding irrevocable election to recover against only Norris and then only under the Workmen's Compensation Act." 130 Ill. App. 2d 653, 660.

■■ The important point in *Emma*, for purposes of the present case, was that the application for and acceptance of benefits from Norris' workmen's compensation carrier did not preclude plaintiff from filing a common law action *as a matter of law*. The admission was not conclusive

and therefore did not remove the issue of the plaintiff's employment status from consideration in the case. Thus, there still remained a valid issue and summary judgment was not justified.

To the same effect is *Becke v. Fred A. Smith Lumber Co.*, 9 Ill. App. 3d 563. There the plaintiff, who was a regular employee of Lena Builders, Inc., was injured while working at the premises of Fred A. Smith Lumber Co. (FASCO). He sued the lumber company in a common law action but before trial he made a claim against both Lena, his permanent employer, and FASCO, for workmen's compensation benefits. In its sworn statement FASCO denied that plaintiff was its employee for workmen's compensation purposes. At the trial of the negligence action FASCO submitted an affidavit stating that the plaintiff was a "borrowed" employee from Lena Builders. The trial court rendered summary judgment for the defendant. This court reversed, saying:

"Further, we believe that the denial by FASCO [the defendant lumber company] of an employment relationship in a workmen's compensation proceeding is a factor to be weighed in determining whether there are material facts in dispute in the summary judgment proceeding. We do not conclude that the defendant was thereby barred from taking an inconsistent position in the common law proceedings by any theory of election of remedies or estoppel. [Citation.] However, the trier of fact is entitled to consider both the effect of defendant's statement in the workmen's compensation proceedings that Becke was not its employee, and plaintiff's statement in his application that although he considered himself to be an employee of Lena, for protective reasons he was joining FASCO in the compensation proceedings." 9 Ill. App. 3d 563, 567.

Thus we see that the filing of a workmen's compensation claim was not considered such an admission on the question of plaintiff's employment status as to justify a summary judgment based on that admission.

The *Fred A. Smith Lumber Co.* case is also in line with two other recent decisions of this court. *Redmon v. Sooter*, 1 Ill. App. 3d 406, and *Stemm v. Rupel*, 30 Ill. App. 3d 864. In the *Redmon* case the court, speaking of the evidentiary effect of the plaintiff's application to the Industrial Commission, said:

"Such a statement is not, in any case, conclusive and essentially we agree with the *Springer* opinion [*Springer v. Illinois Transit Lines, Inc.*, 318 Ill. App. 403] that determination of plaintiff's legal status, which is an ultimate issue, must be drawn from factual circumstances surrounding his relationship with Green Giant Corporation rather than from his own conclusional statement, self-serving when made." 1 Ill. App. 3d 406, 411.

In *Stemm v. Rupel* the plaintiff was a young stock boy employed at Osco Drug, Inc. After regular hours he was asked by Rupel, assistant manager of the store, to accompany him to an educational meeting of employees for the promotion of camera equipment which was handled by the store. Returning from the meeting, with Rupel driving, they met with an accident in which Stemm was injured. Stemm applied for workmen's compensation benefits, alleging he was an employee of Osco Drug, Inc. Subsequently, he filed a common law action of negligence against Rupel and Osco Drug and in his amended complaint stated that he was not acting in the line of duty as an employee of Osco at the time of the accident. This court, reversing the trial court's summary judgment for the defendant, said:

"But even if the plaintiff had applied for and received money under the Act, that could not affect his right to maintain this suit if his injuries had not, in fact, resulted from an accident arising out of and in the course of his employment. [Citations.]" 30 Ill. App. 3d 864, 868.

The nature of the question in the case before us is, we believe, essentially the same as that posed in the cases cited above. It comes down simply to the question of whether the plaintiff's application for benefits under the Workmen's Compensation Act, and the letters written by his attorney in support thereof stating he was an employee of the defendant, had the effect of removing the ultimate issue of the plaintiff's employment status from the case, thereby requiring a summary judgment for the defendant.

■■ In our opinion the admission was not conclusive in nature and did not foreclose the common law action. The issue as to whether at the time of the injury, the plaintiff was an employee or, as he contends, an independent contractor, was not resolved by the admissions or the affidavits and should not be resolved except by hearing evidence to determine whether the plaintiff actually was, at the time of the injury, acting as an employee of and was within the scope of his employment with the defendant. The admissions in question are evidence in the defendant's favor but not conclusive, and the issue as to plaintiff's legal relationship with the defendant must be tried.

The judgment of the circuit court of Ogle County is reversed and the case remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

T. J. MORAN, P. J., and DIXON, J., concur.