GERALD MILLER, Plaintiff-Appellant, v. DONALD L. MILLER, d/b/a Miller Dry Wall, Defendant and Counterdefendant-Appellee (Steve Horve *et al.*, d/b/a Horve & Oleson Construction Company, Defendants and Counterplaintiffs-Appellees).

Fourth District   No. 4—87—0691

Opinion filed March 17, 1988.

Randolph M. Rich, of Meehling, Rich & Bernardoni, of Marshall, for appellant.

William O. Martin, Jr., of Samuels, Miller, Schroeder, Jackson & Sly, of Decatur, for appellees Steve Horve and Bud Oleson.

Gregory A. Scott, of Scott, Beeman & Scott, P.C., of Springfield, for appellee Donald L. Miller.

PRESIDING JUSTICE GREEN delivered the opinion of the court:

Plaintiff Gerald Miller filed a claim under the Illinois Workers' Compensation Act (Act) (Ill. Rev. Stat. 1985, ch. 48, par. 138.1 *et seq.*) against defendants Donald Miller, d/b/a Miller Dry Wall (subcontractor), and Steve Horve and Bud Oleson, d/b/a Horve and Oleson Construction Company (contractors), for injuries he received while hanging dry wall in a building being constructed by the defendant contractors. The parties entered into a lump sum settlement contract on April 21, 1986, and plaintiff received payments from both the contractors and the subcontractors. On June 5, 1986, plaintiff filed a common law negligence action and an action under the Structural Work Act (Ill. Rev. Stat. 1985, ch. 48, par. 60 *et seq.*) against all defendants. The two counts directed against the subcontractor were dismissed pursuant to defendant's motion to dismiss, and judgment was entered on the two counts directed against the contractors pursuant to their motion for summary judgment. Plaintiff appeals both rulings. We affirm.

■■ We note initially, defendants Horve and Oleson argue this court should dismiss the appeal, because plaintiff's brief failed to comply with Supreme Court Rules 341(e)(1) and 342(a). (107 Ill. 2d Rules 341(e)(1), 342(a).) Rule 341(e)(1) requires that the "Points and Authorities" section of the brief include a reference to the page of the brief on which each heading and authority appear (107 Ill. 2d R. 341(e)(1)). Rule 342(a) requires the appellant to include a copy of the judgment appealed from in the appendix to the brief. (107 Ill. 2d R. 342(a).) These rules should have been followed. We note, however, that the rules are not a limitation upon the jurisdiction of a court of review, but rather are an admonishment to the parties. (*Brown v. Brown* (1978), 62 Ill. App. 3d 328, 332, 379 N.E.2d 634, 637.) Because we are affirming the dismissal, we will not strike the brief because of its infirmities.

The basis for both the motion to dismiss and the motion for summary judgment was that plaintiff's exclusive remedy was under the Workers' Compensation Act, and since plaintiff received compensation

under that Act, he was barred from further action against defendants.

Section 5(a) of the Workers' Compensation Act provides:

"No common law or statutory right to recover damages from the employer, his insurer, his broker, any service organization retained by the employer, his insurer or his broker to provide safety service, advice or recommendations for the employer or the agents or employees of any of them for injury or death sustained by any employee while engaged in the line of his duty as such employee, other than the compensation herein provided, is available to any employee who is covered by the provisions of this Act, to any one wholly or partially dependent upon him, the legal representatives of his estate, or any one otherwise entitled to recover damages for such injury." (Ill. Rev. Stat. 1985, ch. 48, par. 138.5(a).)

Section 1(a)(3) of the Act requires a contractor to make a compensation payment when the subcontractor has no workers' compensation insurance. (Ill. Rev. Stat. 1985, ch. 48, par. 138.1(a)(3).) Section 11 of the Act provides:

"The compensation herein provided, together with the provisions of this Act, shall be the measure of the responsibility of any employer engaged in any of the enterprises or businesses enumerated in Section 3 of this Act, or of any employer who is not engaged in any such enterprises or businesses, but who has elected to provide and pay compensation for accidental injuries sustained by any employee arising out of and in the course of the employment according to the provisions of this Act, and whose election to continue under this Act, has not been nullified by any action of his employees as provided for in this Act." Ill. Rev. Stat. 1985, ch. 48, par. 138.11.

At a hearing on the motion for summary judgment, the facts presented to the court included: (1) the allegations in the complaint; (2) plaintiff's response to defendants' request to admit facts or genuineness of documents; and (3) an affidavit of defendant Donald Miller.

Plaintiff's complaint alleged, *inter alia*, (1) at the time of his injury, he was a contract laborer as a dry wall hanger working for defendant Miller, (2) defendant Miller was a subcontractor hired by the defendant contractors to perform certain dry wall hanging work, and (3) while using an aluminum ladder in the performance of his duties, plaintiff fell and was injured. He sought damages under the Structural Work Act and common law negligence theories. In his response to defendants' request to admit facts, plaintiff further indi-

cated (1) when he fell from the ladder, he fractured his wrist, (2) he filed workers' compensation claims in relation to his injuries against both the contractor and the subcontractor, (3) he entered into a lump sum settlement agreement for $6,500 from the contractors, and (4) the contractors paid the claim on behalf of the subcontractor, who had no workers' compensation insurance. In an affidavit, Donald Miller indicated he also paid plaintiff $1,500 as his portion of the workers' compensation settlement.

On appeal, plaintiff asserts that the mere claim for and acceptance of workers' compensation benefits does not preclude him from pursuing his present claim against these defendants. He argues that he accepted the compensation payments because of his financial need at the time, although he did not consider himself to be an employee but, rather, an independent contractor. He further argues that a question of fact exists as to whether there was an employer-and-employee relationship.

Plaintiff cites *Hendricks v. Bettner* (1976), 40 Ill. App. 3d 1038, 353 N.E.2d 83, in support of his argument. There, the trial court granted the defendant's motion for summary judgment on the basis that plaintiff's claim for personal injury was barred by the fact he had received workers' compensation payments for the same occurrence. The appellate court reversed, noting that letters written by plaintiff's attorney, in support of plaintiff's claim for workers' compensation benefits, were not conclusive judicial admissions. The court further noted that plaintiff's claim he was an employee was an *"evidential* [admission]" which was self-serving when made and, thus, "far from conclusive." *Hendricks*, 40 Ill. App. 3d at 1041, 353 N.E.2d at 85, citing McCormick, Evidence § 262, at 630 (2d ed. 1972).

Plaintiff also cites *Stemm v. Rupel* (1979), 68 Ill. App. 3d 211, 385 N.E.2d 1112, where the plaintiff was injured, accepted partial workers' compensation payments from his employer, and then brought suit against the defendants for the compensated injuries. The trial court initially granted defendants' motion to dismiss, finding that plaintiff's acceptance of workers' compensation benefits was an acknowledgment that, at the time of the occurrence, he was in the course of his employment. On the first appeal, the court reversed, stating that the suit was not barred by section 5(a) of the Workers' Compensation Act, and the plaintiff's acceptance of benefits would not affect plaintiff's right to maintain an action against defendants if his injuries had not in fact resulted from an occurrence arising out of and in the course of his employment.

On remand, the trial court granted the defendants' motion for

summary judgment on the basis that there was no genuine issue as to any material fact concerning plaintiff's employment status. The appellate court again reversed, holding that the issue as to whether plaintiff's injuries were a result of an occurrence arising out of and in the course of his employment was not a question of law but one of fact.

In both cases cited by plaintiff, the plaintiff had accepted partial workers' compensation benefits. In neither case, apparently, did the plaintiff execute a lump sum settlement agreement in full payment of all claims due for his injuries as did the plaintiff here. In addition, here, the settlement contract was encompassed in the order of the Industrial Commission, and thus, plaintiff's acknowledgments in the contract that he was an employee and that the settlement was in full payment of his injuries are given the status of a judicial admission. Thus, plaintiff's employment status, and the fact his injuries arose out of that status, has been conclusively determined by his actions in the workers' compensation action.

Moreover, the cases cited by plaintiff have been, at least implicitly, overruled by subsequent decisions of the Illinois Supreme Court. In *Fregeau v. Gillespie* (1983), 96 Ill. 2d 479, 451 N.E.2d 870, the court indicated, under circumstances where an employee was injured as a result of a fellow employee's intentional actions, that the injured employee was barred from pursuing a common law tort action against his employer or a coemployee where he had agreed to accept workers' compensation benefits. The court further noted that, where an employee has collected some workers' compensation benefits, he could not allege in a civil suit that the injuries fall outside of the Act's provisions.

In addition, in *Collier v. Wagner Castings Co.* (1980), 81 Ill. 2d 229, 408 N.E.2d 198, the court said an employee could not collect compensation under the Workers' Compensation Act and then file suit against a coemployee for civil damages relating to the compensated injuries. The court's conclusion was based on a fear of double recovery as well as a desire to prevent the proliferation of litigation. Finally, in *Rhodes v. Industrial Comm'n* (1982), 92 Ill. 2d 467, 442 N.E.2d 509, the Industrial Commission affirmed the arbitrator's denial of an award, but the plaintiff, nevertheless, entered into a settlement with defendants. Although the settlement purported to preserve plaintiff's workers' compensation claim, the court indicated the attempt to continue the compensation claim was ineffectual, because an employee could not recover under both the Workers' Compensation Act and at common law.

In both *Collier* and *Fregeau*, the plaintiffs had received at least

some workers' compensation benefits. In *Rhodes*, the plaintiff had not received any benefits under the Act but had entered into a settlement agreement with defendants. In all cases, however, the court made clear its intention that a worker could receive only one award for his injuries.

In light of (1) the supreme court's policy determination that a worker should not be permitted double recovery for his injuries, (2) the court's observation that the legislature intended the compensation system to replace common law remedies, and (3) the language of sections 5(a) and 11 of the Act indicating the Act is to be an exclusive remedy, we conclude the trial court was correct in barring plaintiff's action.

For the reasons stated, the decision of the trial court is affirmed.

Affirmed.

LUND and SPITZ, JJ., concur.