2019 IL App (3d) 170777

Opinion filed February 5, 2019

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2019

| | | |
|---|---|---|
| CLIFTON ARMSTEAD, | ) | Appeal from the Circuit Court |
| | ) | of the 13th Judicial Circuit, |
| Plaintiff-Appellant, | ) | Grundy County, Illinois. |
| | ) | |
| v. | ) | Appeal Nos. 3-17-0777 |
| | ) | 3-18-0009 |
| NATIONAL FREIGHT, INC., d/b/a NFI | ) | Circuit No. 16-L-21 |
| INDUSTRIES, INC. and DERRICK | ) | |
| ROBERTS, | ) | |
| | ) | Honorable Lance R. Peterson, |
| Defendants-Appellees. | ) | Judge, Presiding. |

PRESIDING JUSTICE SCHMIDT delivered the judgment of the court, with opinion.
Justices Carter and Wright concurred in the judgment and opinion.

**OPINION**

¶ 1     Plaintiff, Clifton Armstead, appeals the circuit court's grant of partial summary judgment

in favor of defendants, National Freight, Inc., d/b/a NFI Industries, Inc. (National Freight), and

Derrick Roberts. Plaintiff argues the circuit court improperly characterized his statement from a

separate but related action as a judicial admission.

¶ 2                                              FACTS

¶ 3     The record on appeal indicates that on March 6, 2015, defendant Roberts, while driving

defendant National Freight's semi-truck, struck plaintiff's semi-truck in Grundy County. Plaintiff

filed a tort complaint against defendants alleging Roberts negligently operated the vehicle at an

excessive speed in the course of his employment as National Freight's agent. Plaintiff complained of and sought damages for back, shoulder, and knee injuries that occurred as a result of the accident. He maintained the accident caused injuries to his back, shoulder, and knee in interrogatories.

¶ 4    At the time of the accident, plaintiff drove the semi-truck for his employer, Manfredi Mushroom, Co. (Manfredi), a Pennsylvania corporation. Plaintiff filed a workers' compensation claim against Manfredi in Pennsylvania for the injuries he sustained in the course of his employment.

¶ 5    On November 9, 2016, plaintiff signed a "Compromise and Release Agreement by Stipulation" (Agreement) settling the Pennsylvania workers' compensation claim. The Agreement contained language pertinent to this appeal. Under the "Conclusions of Law" section, the signed Agreement states it is "appropriately approved as binding only on the signing Parties, and limited to their respective rights and obligations under the [Pennsylvania Workers' Compensation Act]." The Agreement also states it "is not to alter rights or obligations of any third party not a signatory to the Agreement." In the body of the Agreement, under "[s]tate the precise nature of the injury," the description indicates "[r]ight knee strain. The parties agree that Claimant did not sustain any other injury or medical condition as a result of the March 6, 2015 work injury." Plaintiff certified the complete Agreement by signature.

¶ 6    Defendants moved for partial summary judgment on plaintiff's tort claim, arguing the claim was barred under the doctrines of (1) collateral estoppel, (2) *res judicata*, and (3) judicial admission. Under their judicial admission argument, defendants maintained plaintiff could not present evidence of injuries other than to his knee based on the signed Agreement. The circuit court granted defendants' motion, finding the above statement concerning the scope of plaintiff's

injuries to be a judicial admission disclaiming other injuries. The circuit court's partial grant of summary judgment limited plaintiff's tort claim injuries to knee issues. Plaintiff moved for reconsideration, which the circuit court denied. Plaintiff dismissed the underlying complaint as a result.

¶ 7        This appeal followed.

¶ 8                                        ANALYSIS

¶ 9        As a preliminary matter, defendants urge this court to reject several of plaintiff's arguments for failure to raise them in the response to defendant's motion for summary judgment. When reading plaintiff's response, we see all of the arguments included on appeal. Defendants initially moved for summary judgment on three bases: (1) collateral estoppel, (2) *res judicata*, and (3) judicial admission. Plaintiff addressed the same issues in his response to defendants' motion as on appeal, but not exclusively under the heading "Judicial Admission." Plaintiff's arguments are therefore properly before this court. See *Holzer v. Motorola Lighting, Inc.*, 295 Ill. App. 3d 963, 978 (1998) (explaining it is longstanding law to require a legal theory be raised in an initial response).

¶ 10       Plaintiff argues the circuit court erred in granting defendants' motion for summary judgment because the response to "[s]tate the precise nature of your injuries" is not a judicial admission. Plaintiff points out language in the Agreement limiting its application as to plaintiff and his former employer. Additionally, plaintiff submits the statement was not made in a judicial context or under oath. Plaintiff points out that the statement is contradicted by his answers to interrogatories in this matter. While the statement may properly be considered an evidentiary admission, plaintiff contends the circuit court erred in finding it was a judicial admission.

¶ 11        Section 2-1005 of the Code of Civil Procedure provides for summary judgment when the pleadings, depositions, and admissions on file, together with any affidavits, show that there is no genuine issue as to any material fact, and that the moving party is entitled to a judgment as a matter of law. 735 ILCS 5/2–1005 (West 2016). We review the record in the light most favorable to the nonmoving party. *Forsythe v. Clark USA, Inc.*, 224 Ill. 2d 274, 280 (2007). We review a grant of summary judgment *de novo*. *Id.*

¶ 12        There are two types of admissions, judicial and evidentiary. Judicial admissions are formal admissions in the pleadings that have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact. *Konstant Products, Inc. v. Liberty Mutual Fire Insurance Co.*, 401 Ill. App. 3d 83, 86 (2010). For a statement to constitute a judicial admission, it must be clear, unequivocal, and uniquely within the party's personal knowledge. *Serrano v. Rotman*, 406 Ill. App. 3d 900, 907 (2011). The statement must also be an intentional statement which relates to concrete facts and not an inference or unclear summary. *Id.* Judicial admissions "do not include admissions made during the course of other court proceedings." *Green by Fritz v. Jackson*, 289 Ill. App. 3d 1001, 1008 (1997). "Rather, such statements constitute evidentiary admissions." *Id.*

¶ 13        Evidentiary admissions may be explained by the party. *Brummet v. Farel*, 217 Ill. App. 3d 264, 267 (1991). "Evidentiary admissions may be made in, among other things, pleadings in a case other than the one being tried." *Id.* Whether plaintiff's signed response in the Agreement is a judicial admission is a question of law we review *de novo*. *Hansen v. Ruby Construction Co.*, 155 Ill. App. 3d 475, 480 (1987).

¶ 14        Each case defendants cite on the issue of judicial admissions is distinguishable. In *Hansen*, the plaintiff, during a deposition, said he fell as a result of rubber bumpers on the edge

4

of a loading dock. *Id.* at 477. He later attempted to change his answer to cite a different cause for his fall. *Id.* at 478. The court properly treated his deposition testimony as a judicial admission because the plaintiff made the statement in the course of the same proceeding. *Id.* at 482. Here, plaintiff signed the statement describing the scope of his injuries in a different proceeding.

¶ 15    In *Miller v. Miller*, 167 Ill. App. 3d 176 (1988), the plaintiff filed a claim against the defendants under the Illinois Workers' Compensation Act. He entered into a lump sum agreement disposing of all claims against the defendants. *Id.* at 180. The plaintiff then brought a common law negligence claim against the same defendants. *Id.* at 176. The reviewing court affirmed the trial court's grant of summary judgment in favor of the defendants. *Id.* at 181. The court found the Illinois legislature intended the pursuit of recovery under the Workers' Compensation Act as a replacement to recovery in a common law suit. *Id.* It also observed the plaintiff already fully recovered against the same defendants. *Id.* at 180. Here, the Agreement contains specific language indicating it is not the exclusive remedy for plaintiff; it does not alter his right to recovery against third parties. Additionally, plaintiff is seeking recovery against the alleged tortfeasor and his employer, from whom he has not yet recovered.

¶ 16    Defendants' last case, *Richter v. Village of Oak Brook*, 2011 IL App (2d) 100114, did not deal with judicial admissions but, rather, issues of collateral estoppel and *res judicata*.

¶ 17    Here, we agree with plaintiff that his statement in the Agreement did not constitute a judicial admission so as to preclude him from fully litigating the extent of his injuries.

¶ 18    Illinois case law is clear. An admission is properly considered a judicial admission when it is clear, unequivocal, and uniquely within the party's personal knowledge. See *Rotman*, 406 Ill. App. 3d at 907. However, a statement cannot be considered a judicial admission when it is made in the course of another proceeding. See *Jackson*, 289 Ill. App. 3d at 1008. Rather, these

5

statements are considered evidentiary admissions that may be admitted to undermine the credibility of the witness. See *id.* Because plaintiff made a contradictory statement about the extent of his injuries in a separate proceeding, the statement is properly characterized as an evidentiary admission. Accordingly, we reverse the circuit court's grant of partial summary judgment and remand for further proceedings.

¶ 19                                    CONCLUSION

¶ 20          For the foregoing reasons, we reverse Grundy County circuit court's grant of summary judgment and remand for further proceedings.

¶ 21          Reversed and remanded.