2020 IL App (3d) 170777

Opinion filed November 20, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| CLIFTON ARMSTEAD, | ) | Appeal from the Circuit Court |
| | ) | of the 13th Judicial Circuit, |
| Plaintiff-Appellant, | ) | Grundy County, Illinois. |
| | ) | |
| v. | ) | Appeal Nos. 3-17-0777 |
| | ) | 3-18-0009 |
| NATIONAL FREIGHT, INC., d/b/a NFI | ) | Circuit No. 16-L-21 |
| Industries, Inc., and DERRICK | ) | |
| ROBERTS, | ) | |
| | ) | Honorable Lance R. Peterson, |
| Defendants-Appellees. | ) | Judge, Presiding. |

_____

JUSTICE SCHMIDT delivered the judgment of the court, with opinion.
Justices Carter and Wright concurred in the judgment and opinion.

**OPINION**

¶ 1 Plaintiff, Clifton Armstead, appeals the circuit court's grant of partial summary judgment in favor of defendants, National Freight, Inc., d/b/a NFI Industries, Inc. (National Freight), and Derrick Roberts. Plaintiff argues the circuit court improperly characterized his statement from a separate but related action as a judicial admission. Originally, we reversed the judgment of the circuit court. After our initial disposition, defendants filed a petition for rehearing. Upon rehearing, we now affirm.

¶ 2 I. BACKGROUND

¶ 3    The record on appeal indicates that on March 6, 2015, defendant Roberts, while driving defendant National Freight's semi-truck, struck plaintiff's semi-truck in Grundy County. Plaintiff filed a tort complaint against defendants, alleging Roberts negligently operated the vehicle at an excessive speed in the course of his employment as National Freight's agent. Plaintiff complained of and sought damages for back, shoulder, and knee injuries that occurred as a result of the accident. He maintained the accident caused injuries to his back, shoulder, and knee in interrogatories.

¶ 4    At the time of the accident, plaintiff drove the semi-truck for his employer, Manfredi Mushroom Company (Manfredi), a Pennsylvania corporation. On or around March 31, 2015, plaintiff filed a workers' compensation claim against Manfredi in Pennsylvania for the injuries he sustained in the course of his employment. Plaintiff was represented by counsel. During the workers' compensation proceedings, an independent medical examiner opined that plaintiff suffered an injury to the right knee as a result of the March 6, 2015, accident. The independent medical examiner also opined: "[r]elative to [plaintiff's] lower back condition, the information available to me today does not indicate within a reasonable degree of medical certainty any injury to have been sustained by [plaintiff] relative to the lower back on or around March 6, 2015."

¶ 5    On November 9, 2016, plaintiff signed a "Compromise and Release Agreement by Stipulation" (Agreement) settling the Pennsylvania workers' compensation claim. The Agreement contained language pertinent to this appeal. Under the "Conclusions of Law" section, the signed Agreement states it is "appropriately approved as binding only on the signing Parties, and limited to their respective rights and obligations under the [Pennsylvania Workers' Compensation Act]." The Agreement also states it "is not to alter rights or

obligations of any third party not a signatory to the Agreement." In the body of the Agreement, under "[s]tate the precise nature of the injury," the description indicates "[r]ight knee strain. The parties agree that Claimant did not sustain any other injury or medical condition as a result of his 3/06/2015 work injury." Plaintiff certified the complete Agreement by signature.

¶ 6 Defendants moved for partial summary judgment on plaintiff's tort claim, arguing the claim was barred under the doctrines of (1) collateral estoppel, (2) *res judicata*, and (3) judicial admission. Under their judicial admission argument, defendants maintained plaintiff could not present evidence of injuries other than to his knee based on the signed Agreement. The circuit court granted defendants' motion, finding the above statement concerning the scope of plaintiff's injuries to be a judicial admission disclaiming other injuries. The circuit court's partial grant of summary judgment limited plaintiff's tort claim injuries to knee issues. The circuit court, however, rejected summary judgment on the basis of collateral estoppel. Plaintiff moved for reconsideration, which the circuit court denied. Plaintiff dismissed the underlying complaint as a result.

¶ 7 On January 17, 2019, this court issued a Rule 23 order (see Illinois Supreme Court Rule 23 (eff. Apr. 1, 2018)) reversing the circuit court's grant of summary judgment in favor of defendants. Plaintiff moved to publish the order as an opinion. On February 5, 2019, we granted plaintiff's motion and published the opinion the same day. Two days later, defendants filed a petition for rehearing, which we granted. Plaintiff filed a response; defendants filed a reply. We now consider defendants' arguments anew.

¶ 8 II. ANALYSIS

¶ 9 In the initial briefing, defendants urged this court to reject several of plaintiff's arguments for failure to raise them in the response to defendants' motion for summary judgment. When

- 3 -

reading plaintiff's response, we observed all the arguments included on appeal. Defendants initially moved for summary judgment on three bases: (1) collateral estoppel, (2) *res judicata*, and (3) judicial admission. Plaintiff addressed the same issues in his response to defendants' motion as on appeal but not exclusively under the heading "Judicial Admission." Plaintiff's arguments are therefore properly before this court. See *Holzer v. Motorola Lighting, Inc.*, 295 Ill. App. 3d 963, 978 (1998) (explaining it is longstanding law to require a legal theory be raised in an initial response).

¶ 10    Plaintiff argues the circuit court erred in granting defendants' motion for summary judgment because the response to "[s]tate the precise nature of your injuries" is not a judicial admission. Plaintiff points out language in the Agreement limiting its application as to plaintiff and his former employer. Additionally, plaintiff submits that the statement was not made under oath. Plaintiff points out that the statement is contradicted by his answers to interrogatories in this matter. While the statement may properly be considered an evidentiary admission, plaintiff contends the circuit court erred in finding it was a judicial admission.

¶ 11                        A. Initial Disposition

¶ 12    In our initial disposition, we agreed with plaintiff that his statement in the Agreement did not constitute a judicial admission. Therefore, we found that the circuit court erred when it granted summary judgment on this issue. We adhere to this determination on rehearing.

¶ 13    Section 2-1005(c) of the Code of Civil Procedure provides for summary judgment when the pleadings, depositions, and admissions on file, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2016). We review the record in the light most

favorable to the nonmoving party. *Forsythe v. Clark USA, Inc.*, 224 Ill. 2d 274, 280 (2007). We review a grant of summary judgment *de novo*. *Id.*

¶ 14 There are two types of admissions: judicial and evidentiary. Judicial admissions are formal admissions in the pleadings that have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact. *Konstant Products, Inc. v. Liberty Mutual Fire Insurance Co.*, 401 Ill. App. 3d 83, 86 (2010). For a statement to constitute a judicial admission, it must be clear, unequivocal, and uniquely within the party's personal knowledge. *Serrano v. Rotman*, 406 Ill. App. 3d 900, 907 (2011). The statement must also be an intentional statement that relates to concrete facts and not an inference or unclear summary. *Id.* Judicial admissions "do not include admissions made during the course of other court proceedings." *Green v. Jackson*, 289 Ill. App. 3d 1001, 1008 (1997). "Rather, such statements constitute evidentiary admissions." *Id.*

¶ 15 Evidentiary admissions may be explained by the party. *Brummet v. Farel*, 217 Ill. App. 3d 264, 267 (1991). "Evidentiary admissions may be made in, among other things, pleadings in a case other than the one being tried ***." *Id.* Whether plaintiff's signed response in the Agreement is a judicial admission is a question of law we review *de novo*. *Hansen v. Ruby Construction Co.*, 155 Ill. App. 3d 475, 480 (1987).

¶ 16 Each case defendants cite on the issue of judicial admissions is distinguishable. In *Hansen*, the plaintiff, during a deposition, said he fell as a result of rubber bumpers on the edge of a loading dock. *Id.* at 477-78. He later attempted to change his answer to cite a different cause for his fall. *Id.* at 478. The court properly treated his deposition testimony as a judicial admission because the plaintiff made the statement in the course of the same proceeding. *Id.*

- 5 -

at 482. Here, plaintiff signed the statement describing the scope of his injuries in a different proceeding.

¶ 17        In *Miller v. Miller*, 167 Ill. App. 3d 176 (1988), the plaintiff filed a claim against the defendants under the Illinois Workers' Compensation Act (Ill. Rev. Stat. 1985, ch. 48, ¶ 138.1 *et seq.*). He entered into a lump sum agreement disposing of all claims against the defendants. *Miller*, 167 Ill. App. 3d at 180. The plaintiff then brought a common law negligence claim against the same defendants. *Id.* at 177. The reviewing court affirmed the trial court's grant of summary judgment in favor of the defendants. *Id.* at 181. The court found the Illinois legislature intended the pursuit of recovery under the Workers' Compensation Act as a replacement to recovery in a common lawsuit. *Id.* It also observed that the plaintiff already fully recovered against the same defendants. *Id.* at 180. Here, the Agreement contains specific language indicating it is not the exclusive remedy for plaintiff; it does not alter his right to recovery against third parties. Additionally, plaintiff is seeking recovery against the alleged tortfeasor and his employer from whom he has not yet recovered.

¶ 18        Defendants' last case, *Richter v. Village of Oak Brook*, 2011 IL App (2d) 100114, did not deal with judicial admissions but, rather, issues of collateral estoppel and *res judicata*.

¶ 19        In sum, because plaintiff made a contradictory statement about the extent of his injuries in a separate proceeding, the statement is properly characterized as an evidentiary admission. Accordingly, the circuit court erred when it partially granted defendants' motion for summary judgment on this basis. In our original disposition, we reversed on this basis. However, defendants have filed a petition for rehearing. Upon rehearing, we now affirm the circuit court's grant of partial summary judgment on an alternative basis.

¶ 20                                B. Rehearing

¶ 21    On rehearing, defendants contend that this court overlooked their alternative argument that summary judgment should be affirmed because plaintiff's claims are barred under the doctrine of collateral estoppel. We now address this argument. Specifically, defendants argue that plaintiff should be estopped from seeking damages for injuries that are beyond those identified in the Pennsylvania workers' compensation Agreement. The circuit court rejected this argument. However, for the reasons that follow, we find plaintiff's claim is barred under the doctrine of collateral estoppel.

¶ 22    We review *de novo* the trial court's determination that the doctrine of collateral estoppel does not apply to the plaintiff's claims. *State Building Venture v. O'Donnell*, 239 Ill. 2d 151, 158 (2010) (citing *In re A.W.*, 231 Ill. 2d 92, 99 (2008)). Our function in undertaking such review is to determine whether the circuit court reached the proper result. *Northern Illinois Emergency Physicians v. Landau, Omahana & Kopka, Ltd.*, 216 Ill. 2d 294, 305 (2005). We need not defer to the reasons given by the court for its decision or the findings on which its decision is based. *Id.* Rather, we may affirm a grant of summary judgment on any basis appearing in the record, regardless of whether the lower court relied upon that basis. *Id.*

¶ 23    Collateral estoppel is an equitable doctrine. Application of the doctrine precludes a party from relitigating an issue decided in a prior proceeding. *Herzog v. Lexington Township*, 167 Ill. 2d 288, 294 (1995). The minimum threshold requirements for the application of collateral estoppel are (1) the issue decided in the prior adjudication is identical with the one presented in the suit in question, (2) there was a final judgment on the merits in the prior adjudication, and (3) the party against whom estoppel is asserted was a party or in privity with a party to the prior adjudication. *Illinois State Chamber of Commerce v. Pollution Control Board*, 78 Ill. 2d 1, 7 (1979).

¶ 24     There is no dispute that the first element of collateral estoppel is met. The issue in the Pennsylvania workers' compensation settlement is identical to the issue in the present case. The workers' compensation suit resolved the issue of the extent of plaintiff's injuries following the March 6, 2015, motor vehicle accident. Plaintiff's present suit is for damages resulting from the same March 6, 2015, accident.

¶ 25     The second element of collateral estoppel, *i.e.*, a final judgment on the merits in the previous adjudication, is also satisfied. The Agreement entered in the workers' compensation proceedings set the parties' rights and liabilities based upon the agreed facts stated in the Agreement. Thus, it qualified as a judgment on the merits. This is true even though the Agreement came from a settlement between the parties rather than an independent determination of the facts and issues. In Illinois, a settlement award entered by the Workers' Compensation Commission is a final adjudication of all matters in dispute up to the time of the agreement. *Richter*, 2011 IL App (2d) 100114, ¶ 18 (citing *Stromberg Motor Device Co. v. Industrial Comm'n*, 305 Ill. 619, 622 (1922)).[1] Consequently, the Agreement entered in the Pennsylvania workers' compensation proceedings acted as a final adjudication as to the extent of plaintiff's injuries.

¶ 26     Despite this, plaintiff claims that the language of the Agreement precludes a finding that the Agreement acted as a final adjudication on the merits. The Agreement provided: "[t]his Decision is entered into *without adoption or litigated determination on the merits of the matters agreed upon*, and is not to alter the rights or obligations of any third party not a signatory to

---

[1]The same is true under Pennsylvania law. See *Holts v. Thyssenkrupp Elevator Corp.*, No. 3117, 2009 WL 8404585 (Pa. Ct. C.P. Aug. 4, 2011) (trial order); *Frederick v. Action Tire Co.*, 744 A.2d 762, 766 (Pa. Super. Ct. 1999) (citing *Kohler v. McCrory Stores*, 615 A.2d 27 (Pa. 1992)); *Christopher v. Council of Plymouth Township*, 635 A.2d 749, 752-53 (Pa. Commw. Ct. 1993).

this Agreement." Since the Agreement specifically stated that nothing was "litigated," plaintiff contends that no final judgment occurred in the workers' compensation proceedings.

¶ 27    We disagree. One flaw in plaintiff's argument is that it conflates the terms "litigation" and "prior adjudication." For collateral estoppel to apply, a prior adjudication is required. Litigation is not. Instead, only the incentive and opportunity to litigate is required. This is true so that a failure to litigate the issue is, in fact, a concession of that issue. See *Talarico v. Dunlap*, 177 Ill. 2d 185, 192 (1997).

¶ 28    Plaintiff had both the incentive and opportunity to litigate the full extent of his injuries in the Pennsylvania workers' compensation proceedings. Those proceedings lasted more than a year. During which, an independent medical examiner opined that plaintiff suffered an injury to the right knee as a result of the March 6, 2015, accident. The independent medical examiner also opined: "[r]elative to [plaintiff's] lower back condition, the information available to me today does not indicate within a reasonable degree of medical certainty any injury to have been sustained by [plaintiff] relative to the lower back on or around March 6, 2015." It makes sense then that plaintiff ultimately narrowed his workers' compensation claim. To that end, he entered into the Agreement in which he certified that the only injury he sustained in the accident occurred to his right knee. His failure to proceed with any additional injury claims acted as a concession of those issues.

¶ 29    Moreover, plaintiff did indeed have an incentive to litigate the entire extent of his injuries during the workers' compensation proceedings. We are not persuaded by plaintiff's argument that he agreed to settle his workers' compensation claim—limiting the extent of the injuries— simply because he was out of work and needed money. It is true that "[i]ncentive to litigate might be absent *** where the amount at stake in the first litigation was insignificant, or if the

future litigation was not foreseeable." *Id.* However, that is not the case here. Plaintiff had every incentive to maximize the compensation he could obtain in the workers' compensation proceedings. It is curious that he claims he did not have the incentive to litigate the full extent of his injuries when he did, in fact, attempt to obtain compensation for his alleged back injury. Perhaps he lacked the incentive to pursue this because it was clear from the independent medical examiner's opinion that plaintiff would not successfully obtain compensation for the claimed injury. He also concedes that he accepted the Agreement under the belief that he would be filing a civil suit against defendants. In short, plaintiff's argument that he had no incentive to pursue compensation for his back injuries is meritless.

¶ 30    Further, we reject plaintiff's contention that the workers' compensation settlement language prevents defendants from using the award as a bar to plaintiff's recovery in this civil action. As stated above (*supra* ¶ 25), a workers' compensation settlement is an adjudication on the merits. Even if one could contract around this law, the Agreement itself states that it does not "alter the rights or obligations of *any third party* not a signatory to this Agreement." The plain language of the settlement agreement does not alter defendants' rights. In other words, it does not alter defendants' right to raise the prior adjudication to bar plaintiff from relitigating the issue in this case.

¶ 31    Finally, we find that the third element of collateral estoppel is satisfied. The third element requires an identity of parties. Plaintiff in this action is the same party to the workers' compensation case. See *Todd v. Katz*, 187 Ill. App. 3d 670, 674 (1989) (only the party against whom estoppel is asserted must be the same or in privity with the party in the prior adjudication). Consequently, we find all three requirements of collateral estoppel are met.

Therefore, we hold that plaintiff is estopped from seeking compensation for any injury beyond that contained in the Agreement.

¶ 32    In reaching this conclusion, we reject plaintiff's contention that even if the threshold requirements for collateral estoppel are present here, it would be unfair to apply the doctrine under the present circumstances.

> "A court's determination not to apply collateral estoppel because of unfairness typically rests either on some inadequacy in the forum in which the matter was first determined (*Herzog v. Lexington Township*, 167 Ill. 2d 288, 296 (1995)), or on the view that the party to be estopped did not previously have a full and fair opportunity to litigate the issue, perhaps because the party had no motivation to vigorously litigate the issue in the earlier case (*Talarico*, 177 Ill. 2d at 192)." *Richter*, 2011 IL App (2d) 100114, ¶ 25.

¶ 33    Here, neither factor is present. First, plaintiff makes no argument that the Pennsylvania workers' compensation forum varied in any meaningful way from the same type of proceedings in Illinois. In Illinois, the procedural adequacy of workers' compensation proceedings has long been recognized by Illinois courts. See *id.* ¶ 26 (citing *Stromberg*, 305 Ill. 2d at 622). Second, as we have already found (*supra* ¶¶ 28-29), plaintiff had the full and fair opportunity to litigate the extent of his injuries in Pennsylvania. We find no unfairness in barring plaintiff from now complaining of additional injuries when he had the opportunity to pursue those claims during the workers' compensation proceedings.

¶ 34    In sum, we find all three elements of collateral estoppel are satisfied. Therefore, we hold that the circuit court correctly granted defendants' motion for partial summary judgment, albeit, on different grounds.[2]

¶ 35                                    CONCLUSION

¶ 36    For the foregoing reasons, we affirm the Grundy County circuit court's grant of summary judgment.

¶ 37    Affirmed.

---

[2]Having resolved this appeal on the basis of collateral estoppel, we need not reach defendants' second alternative argument based on judicial estoppel.

## No. 3-17-0777

| | |
|---|---|
| **Cite as:** | *Armstead v. National Freight, Inc.*, 2020 IL App (3d) 170777 |
| **Decision Under Review:** | Appeal from the Circuit Court of Grundy County, No. 16-L-21; the Hon. Lance R. Peterson, Judge, presiding. |
| **Attorneys for Appellant:** | Michael W. Rathsack and Adam J. Zayed, both of Chicago, for appellant. |
| **Attorneys for Appellee:** | Robert M. Burke and Garrett L. Boehm Jr., of Johnson & Bell, Ltd., of Chicago, for appellees. |