(No. 42167.—)

Associated Vendors, Inc., *et al.,* Appellants, *vs.* The Industrial Commission *et al.*—(Larry W. Solomon, Appellee.)

*Opinion filed March 24, 1970.—Rehearing denied May 26, 1970.*

Angerstein & Angerstein, of Chicago, (George W. Angerstein, Sidney Z. Karasik, and James F. Gorman, of counsel,) for appellants.

Goodman, Krasner & Kipnis, of Chicago, (Jerome H. Torshen, of counsel,) for appellee.

Mr. JUSTICE BURT delivered the opinion of the court:

In successive proceedings before an arbitrator, the Industrial Commission and the circuit court of Cook County, Larry W. Solomon, was found to be entitled to Workman's Compensation benefits by reason of injuries sustained while in the employ of Associated Vendors, Inc. The appellants have prosecuted a further appeal to this court.

It is not disputed that the accident occurred and that the appellee was injured. The sole issue for determination of this court is whether the claimant's injuries "arose out of and in the course of his employment", as required under the terms of the Workman's Compensation Act.

The claimant, Larry W. Solomon, and his wife owned all of the stock in the appellant corporation, Associated Vendors, Inc., located in Maywood, Illinois, which was engaged in installing vending machines. On January 16, 1966, the claimant answered a call requesting installation of a cigarette machine at 6201 South Cicero, from a man named D. Fuglie, who was reopening the tavern and restaurant at that location. Upon arrival at that address at approximately 1:00 or 1:30 P.M., the claimant was assaulted by unknown assailants. As a result of the assault, the claimant received serious injuries for which he required extensive medical treatment. On hearing before the arbitrator, the claimant stated that he was beaten with a blunt instrument and robbed of approximately $20 or $25.

The question involved is whether the accident arose out of and in the course of his employment. It is well established that it is the function of the Industrial Commission to draw inferences and conclusions from the evidentiary facts and the courts do not interfere unless the findings of the Commission are against the manifest weight of the evidence. *Village of Creve Coeur* v. *Industrial Com.,* 32 Ill.2d 430; *Republic Steel Corp.* v. *Industrial Com.,* 26 Ill.2d 32.

While the appellants concede that the claimant's injury

was sustained "in the course of" his employment, they dispute whether the claimant sustained his burden of proving that the injury also arose "out of" his employment. (Ill. Rev. Stat. 1961, ch. 48, par. 138.1—138.28.) While the phrase "in the course of employment" relates to the time, place and circumstances of the injury, the phrase "arising out of the employment" refers to the requisite causal connection between the injury and the employment. (*Christian v. Chicago & Illinois Midland Ry. Co.*, 412 Ill. 171.) However, direct proof of the cause of the injury and its relation to the employment is not necessary. It is sufficient if there is evidence from which it is apparent to the rational mind, on consideration of all the circumstances, that a causal connection exists between the conditions under which the work was performed and the injury. *Figgins v. Industrial Com.*, 379 Ill. 75; *Jefferson Ice Co. v. Industrial Com.*, 404 Ill. 290; *Ervin v. Industrial Com.*, 364 Ill. 56; *Lagomarcino-Grupe Co. of Iowa v. Industrial Com.*, 383 Ill. 95; *Fluor Corp. v. Industrial Com.*, 398 Ill. 616.

In the present case, the Industrial Commission drew rational inferences and conclusions from the evidentiary facts that such causal connection did exist. It was not unreasonable for the Commission to assume that the nature of the claimant's employment would expose him to the hazards of robbery or beating. This industry has been plagued by these problems for numerous years in the Chicago area. Peterson, A Report on Chicago Crime for 1968, Chicago Crime Commission, 1969, 109—112.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*