(No. 55263.—

LAKI RHODES, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Arlington Park Towers Hotel, Appellee).

*Opinion filed October 22, 1982.*

Robert W. Cushing, of Chicago (Ambrose & Cushing, P.C., of counsel), for appellant.

Anthony J. Caruso, Jr., of Discipio, Martay & Caruse, of Chicago, for appellee.

JUSTICE WARD delivered the opinion of the court:

On September 23, 1974, Laki Rhodes filed a claim against the Arlington Park Towers Hotel under the Workmen's Compensation Act (Ill. Rev. Stat. 1973, ch. 48, par. 138.1 *et seq.*) for injuries he claimed he received when he fell down a stairwell while employed at the hotel. On April 14, 1975, an Industrial Commission arbitrator found that

the respondent was operating subject to the provisions of the Workmen's Compensation Act, that the relationship of employee and employer existed between the claimant and the respondent, and that the claimant failed to prove that he sustained accidental injuries arising out of and in the course of employment. On January 24, 1978, the Industrial Commission affirmed the arbitrator's denial of an award. On December 21, 1978, the circuit court of Cook County set aside the Commission's finding and remanded the cause to the Industrial Commission for a hearing *de novo*. On November 14, 1980, the Industrial Commission found that an employer-employee relationship did not exist between the claimant and the respondent and that the claimant failed to prove that he sustained accidental injuries arising out of and in the course of his employment. The circuit court of Cook County then confirmed the Industrial Commission's finding. The claimant appealed directly to this court pursuant to Rule 302(a)(2). 73 Ill. 2d R. 302(a)(2).

Rhodes, maintaining that he was an employee of the respondent at the time of the accident and that the accident arose out of and in the course of his employment, urges us to reverse the circuit court. We consider that any recovery under the Workmen's Compensation Act was barred under the circumstances by his acceptance of payments made in settlement of a negligence action he filed.

On October 22, 1975, Rhodes filed a common law negligence action against Madison Square Garden Hotels, Inc., and the respondent, Arlington Park Towers Hotel Corporation, seeking damages for injuries in the accident described here. The Arlington Park Towers Hotel was owned, operated, and maintained by the Arlington Park Towers Hotel Corporation, a subsidiary of Madison Square Gardens Hotels, Inc., on the date of the accident. (The parties agree that the Arlington Park Towers Hotel and the Arlington Park Towers Hotel Corporation are the

same legal entity for purposes of this suit.) The complaint stated that the plaintiff, Rhodes, was a business invitee of the defendants. Service was had upon the defendants' agent, CT Corporation Systems, but the defendants apparently were not notified of the suit and no appearance was filed. On March 29, 1976, a default judgment was entered in favor of the plaintiff for $75,000. A citation to discover assets was served upon CT Corporation Systems on July 5, 1979, and the defendants filed a motion to vacate the default judgment. Before the motion was acted upon, the parties entered into a settlement whereby Rhodes accepted $50,000, but the release he gave was not to affect his pending workmen's compensation claim. The release purported to discharge the defendants "from any and all actions, causes of action, suits, damages, claims, and demands whatsoever, whether known or unknown, excepting only that claim set forth and described fully below in paragraph '(C)' of this general release." Paragraph (C) states that the release "shall not act as a release or waiver of my claim under the Illinois Workmen's Compensation Act." Rhodes' attempt to preserve a workmen's compensation claim was ineffectual.

Section 5 of the Workmen's Compensation Act (Ill. Rev. Stat. 1973, ch. 48, par. 138.5) provides that "[n]o common law or statutory right to recover damages from the employer *** for injury or death sustained by any employee while engaged in the line of his duty as such employee, other than the compensation herein provided, is available to any employee who is covered by the provisions of this Act ***." The Workmen's Compensation Act replaced all previously existing common law rights and liabilities between employees and employers subject to the Act with a new system of rights, remedies, and procedure for accidental injuries or deaths of employees. (*Kelsay v. Motorola, Inc.* (1978), 74 Ill. 2d 172.) Thus, where the injury was to an employee of the respondent and arose out

of and in the course of employment, the Workmen's Compensation Act represented the employee's exclusive remedy.

Although there is nothing to prevent a cautious employee who has a pending workmen's compensation claim from also filing a common law action, if he is uncertain of his ground for recovery, so as to toll the statute of limitations, he cannot recover payments from the employer under both actions. The legislative intention underlying section 5 of the Workmen's Compensation Act would obviously be frustrated if an injured employee could recover damages in a common law action and workmen's compensation benefits as well. If an employee initiates a common law action for his injury and receives payment from his employer as a result of such suit he is disqualified from obtaining an award under the Workmen's Compensation Act. The statute's design was to serve as a substitute for an employee's common law right of action and not as a supplement to it.

In *Collier v. Wagner Castings Co.* (1980), 81 Ill. 2d 229, 241, this court stated: "[W]here an employee *** has collected compensation on the basis that his injuries were compensable under the Act, the injured employee cannot then allege that those injuries fall outside the Act's provisions. We base this conclusion not only upon a fear of double recovery [citation], but also upon our desire to prevent the proliferation of litigation. [Citation.] Since this plaintiff has collected compensation pursuant to an agreement executed in lieu of a claim and approved by the Industrial Commission, giving that settlement the status of an award [citations], he is now precluded from suing for civil damages." This reasoning is applicable to the situation here. Where an employee has been compensated by the employer through a common law action, further recovery under the Workmen's Compensation Act is barred under the legislative intendment. See *Martin v. C.A. Produc-*

*tions Co.* (1960), 8 N.Y.2d 226, 168 N.E.2d 666, 203 N.Y.S.2d 845; *Russell v. 231 Lexington Avenue Corp.* (1935), 266 N.Y. 391, 195 N.E. 23; 2A A. Larson, Workmen's Compensation sec. 67.22 (1982).

The judgment of the circuit court of Cook County is affirmed, not on the ground that an employer-employee relationship did not exist, but for the reasons set out in this opinion.

*Judgment affirmed.*