(No. 57050.—

THOMAS L. FREGEAU *et al.*, Appellees, v. GLOVER GILLESPIE, Appellant.

*Opinion filed June 17, 1983.*

Adrienne W. Albrecht, of Nutting, Thacker, Sacks, Ruch & Albrecht, of Kankakee, for appellant.

Christopher W. Bohlen, of Blanke, Norden, Barmann & Bohlen, P.C., and William O. Schmidt, all of Kankakee, for appellees.

JUSTICE WARD delivered the opinion of the court:

On March 6, 1979, Thomas L. Fregeau and his wife, Patricia, filed a civil complaint for assault and battery against Glover Gillespie in the circuit court of Kankakee County. The complaint alleged that the defendant struck Thomas Fregeau with a wrench on February 18, 1979, causing severe injury. Fregeau asked for compensatory and punitive damages, and his wife sought damages for loss of consortium. In his answer, the defendant, as an affirmative defense, asserted that both Thomas Fregeau and he were employed at a General Foods plant in Kankakee at the time of the alleged occurrence, and in regard to the claimed occurrence, Fregeau had filed an application for adjustment of claim with the Industrial Commission. The

defendant then moved for summary judgment, which motion was granted on August 11, 1981. Attached to the motion was a deposition of Fregeau, in which he acknowledged filing for and receiving workmen's compensation benefits from General Foods. The appellate court, with one justice dissenting, reversed, holding that the decision to accept workmen's compensation benefits did not preclude the plaintiffs from bringing an action against the co-employee defendant for the intentional tort. (106 Ill. App. 3d 224.) We granted the defendant's petition for leave to appeal under Rule 315 (73 Ill. 2d R. 315).

The parties informed us in oral argument that the workmen's compensation proceeding was pending before the Industrial Commission. The only matter in dispute before the Commission, however, was the nature and extent of the injuries. The employer had already paid temporary benefits and medical expenses, and had agreed that the accident is compensable under the Workers' Compensation Act (Ill. Rev. Stat. 1979, ch. 48, par. 138.1 *et seq.*).

We consider that the judgment of the appellate court, as the dissenting justice observed (106 Ill. App. 3d 224, 229 (Stouder, J., dissenting)), directly conflicts with a recent holding of this court, and it must be reversed. In *Collier v. Wagner Castings Co.* (1980), 81 Ill. 2d 229, this court considered whether a cause of action for the intentional infliction of emotional distress could be brought by an employee against his employer, the officers of the employer, and a co-employee, in view of the exclusivity provisions of the Workers' Compensation Act (Ill. Rev. Stat. 1979, ch. 48, par. 138.1 *et seq.*). In relevant part, section 5(a) of the Act provided, as it does now:

> "(a) No common law or statutory right to recover damages from the employer, his insurer, his broker, any service organization retained by the employer, his insurer or his broker to provide safety service, advice or recommendations for the employer or the agents or employees of any of them for injury or death sustained by any em-

ployee while engaged in the line of his duty as such employee, other than the compensation herein provided, is available to any employee who is covered by the provisions of this Act, to any one wholly or partially dependent upon him, the legal representatives of his estate, or any one otherwise entitled to recover damages for such injury." (Ill. Rev. Stat. 1979, ch. 48, par. 138.5(a).)

Section 11 of the Act stated then and does now:

"The compensation herein provided, together with the provisions of this Act, shall be the measure of the responsibility of any employer engaged in any of the enterprises or businesses enumerated in Section 3 of this Act, or of any employer who is not engaged in any such enterprises or businesses, but who has elected to provide and pay compensation for accidental injuries sustained by any employee arising out of and in the course of the employment according to the provisions of this Act, and whose election to continue under this Act, has not been nullified by any action of his employees as provided for in this Act." Ill. Rev. Stat. 1979, ch. 48, par. 138.11.

The plaintiff Collier was an employee of Wagner Castings and became ill while at work. William A. Stogner, a nurse or medical attendant at the plant, allegedly provided little assistance to the plaintiff, and though the plaintiff had symptoms of a heart attack, Stogner told him that it was only indigestion. The plaintiff alleged that Stogner's conduct was extreme and outrageous, and for the purpose of the exclusivity issue before it, this court assumed that the complaint was sufficient to set out a cause of action for intentional infliction of emotional distress.

The plaintiff had already released Wagner Castings from all liability under the Workmen's Compensation Act through a lump-sum settlement which had been approved by the Industrial Commission. The defendants contended that even if the complaint did allege a cause of action, it could not proceed to trial in view of the exclusivity provisions of the Act and the settlement agreement.

This court held that the action could not be maintained.

In interpreting the exclusivity sections we have quoted above, the court stated: "To escape the bar of these sections, plaintiff would have to prove either that the injury (1) was not accidental (2) did not arise from his or her employment, (3) was not received during the course of employment or (4) was noncompensable under the Act." (*Collier v. Wagner Castings Co.* (1980), 81 Ill. 2d 229, 237.) The court observed that emotional distress could be a compensable injury under the Act, and that according to the allegations the injury arose out of and in the course of employment. The dispositive question, then, was whether the injuries were accidental.

The court framed the question:

"An ambiguity in the law arises from cases in which the term 'accidental' has been defined. (See 2A A. Larson, Workmen's Compensation sec. 68.12 (1976).) An injury must be traceable to a definite time, place and cause to be considered accidental within the meaning of the Act. (*Westinghouse Electric Co. v. Industrial Com.* (1976), 64 Ill. 2d 244, 249; *Johns-Manville Corp. v. Industrial Com.* (1975), 60 Ill. 2d 221, 225.) Injuries inflicted intentionally by a coemployee are compensable under the Act as long as those injuries arose out of and in the course of the employment (*Associated Vendors, Inc. v. Industrial Com.* (1970), 45 Ill. 2d 203), because the injury is accidental from the employee's point of view. The ambiguity arises from the obvious fact that the injury was intentionally, not accidentally, inflicted." 81 Ill. 2d 229, 238.

In regard to the employer and its officers, the court said that because the employer did not direct, encourage or commit an intentional tort, an action could not be maintained against the employer and its officers. From the employer's standpoint, the court observed, an assault was simply another industrial mishap.

As to the co-employee Stogner, however, the issue was different, in view of the fact that it was charged that he was an intentional tortfeasor. This court noted that it had

already been decided that the basic purpose of the Workmen's Compensation Act, to place the costs of industrial accidents upon industry, prohibited an action by an employee under the Act against a co-employee based upon the co-employee's negligence in the course of employment. (*Chmelik v. Vana* (1964), 31 Ill. 2d 272; *Rylander v. Chicago Short Line Ry. Co.* (1959), 17 Ill. 2d 618.) The bar also applied to actions for wilful and wanton negligence. (*Sjostrom v. Sproule* (1965), 33 Ill. 2d 40 (the facts are set out at 49 Ill. App. 2d 451 and 34 Ill. App. 2d 338).) This court had not yet, though, considered whether an employee could maintain an action against a co-employee for an intentional tort arising out of and in the course of employment.

The court then explained:

> "It is not necessary that we address that question here, for we deem that where an employee injured by a coemployee has collected compensation on the basis that his injuries were compensable under the Act, the injured employee cannot then allege that those injuries fall outside the Act's provisions. We base this conclusion not only upon a fear of double recovery (*Schwartz v. City of Chicago* (1974), 21 Ill. App. 3d 84, 94), but also upon our desire to prevent the proliferation of litigation. (See *Adams v. Pearson* (1952), 411 Ill. 431, 436-37.) Since this plaintiff has collected compensation pursuant to an agreement executed in lieu of a claim and approved by the Industrial Commission, giving that settlement the status of an award (*Dyer v. Industrial Com.* (1936), 364 Ill. 161, 163, *Ahlers v. Sears Roebuck Co.* (1978), 73 Ill. 2d 259, 265), he is now precluded from suing for civil damages." 81 Ill. 2d 229, 241-42.

We recently quoted much of the above passage with approval in *Rhodes v. Industrial Com.* (1982), 92 Ill. 2d 467, 471, where we held that if an employee has been compensated for an injury through a common law action, he cannot then recover under the Workers' Compensation Act for the injury. We judged that the reasoning of *Collier* was ap-

plicable. In *Rhodes* we stated that while an employee, out of caution or uncertainty, may file a common law action against an employer, though he has already filed a workers' compensation claim, he cannot recover in both actions because the design of the Act "was to serve as a substitute for an employee's common law right of action and not as a supplement to it." 92 Ill. 2d 467, 471.

Too, we recently invoked the reasoning of *Collier* in *Robertson v. Travelers Insurance Co.* (1983), 95 Ill. 2d 441, 451. There we held that a worker's tort action against his employer, which was founded upon a claim of the tort of outrage because of "vexatious delay" in the handling of the plaintiff's workmen's compensation claim, could not be maintained in view of the plaintiff's recovery for the underlying compensation claim. We said that to permit the bringing of the common law action in the face of the fact that relevant statutory penalties are provided for in the Workers' Compensation Act (Ill. Rev. Stat. 1981, ch. 48, pars. 138.19(k), 138.19(*l*)) would invite an indefinite prolonging of litigation and a risk of double recovery that the legislature sought to avoid in enacting the compensation system to replace common law remedies.

We perceive no ground for distinguishing *Collier* from the case here. The appellate court, which referred to *Collier* at the conclusion of its opinion, said that *Collier* was not applicable because here, dissimilar from what occurred in *Collier*, "Fregeau's bludgeoning was unequivocally intentional and nonaccidental." (106 Ill. App. 3d 224, 229.) The appellate court stated further that the objectives of preventing double recoveries and the proliferation of litigation, with which this court was concerned in *Collier*, would not be served by dismissing Fregeau's suit. The court said that any recovery by Fregeau would be subject to an employer's right of reimbursement under the Act (Ill. Rev. Stat. 1979, ch. 48, par. 138.5(b)), and the court said that any proliferation of litigation would be avoided by the de-

terrent effect of permitting such a suit in tort.

Though purporting to distinguish *Collier*, it appears that the appellate court did no more than express dissatisfaction with the holding and frame what it deemed to be a preferable result. The attempt to distinguish *Collier* on the ground that the act here was unquestionably intentional was wide of the mark, because this court in *Collier* made the explicit assumption that the complaint there properly stated a cause of action for an intentional tort. The appellate court's statement that the availability of the employer's right of reimbursement and the deterrent effect of permitting the tort action would avoid the adverse consequences that this court in *Collier* was fearful of seems to be a rejection of the reasoning in *Collier*, rather than an attempt to distinguish the holding.

We would note that the legislature has not changed the Act in regard to this question since *Collier* was decided three years ago. It might have done so if that interpretation had been contrary to the legislative intendment.

Too, we observe that the exclusivity provision in section 5(a) operates not only to prohibit an action by the employee, but also by "any one wholly or partially dependent upon him *** or any one otherwise entitled to recover damages for such injury." (Ill. Rev. Stat. 1979, ch. 48, par. 138.5.) With near unanimity courts interpreting exclusivity provisions with this or comparable language have held that the provisions preclude actions by a spouse of the employee for loss of consortium. 2A A. Larson, Workmen's Compensation sec. 66.20 (1982).

The employee here chose to obtain compensation under the Act, which was designed to provide speedy recovery without proof of fault for accidental injuries. He is barred under the holding in *Collier* from bringing an action against his co-employee for civil damages.

For the reasons given, the judgment of the appellate court is reversed and the judgment of the circuit court is

affirmed.

*Appellate court reversed;*
*circuit court affirmed.*

JUSTICE GOLDENHERSH, dissenting:

For the reasons set forth in the majority opinion of the appellate court I would affirm the judgment of the appellate court and therefore dissent.

JUSTICE SIMON joins in this dissent.