Helen DUNN, as Executor of the Estate of Darrell R. Dunn, Deceased, Individually, and For the Benefit of Tawnia Dunn, a Minor, and Darren Dunn, a Minor, Plaintiffs,

v.

PEABODY COAL COMPANY, A Delaware Corporation, Defendant.

Civ. No. 86–4247.

United States District Court, S.D. Illinois, Benton Division.

June 2, 1987.

Harold B. Culley, Jr., West Frankfort, Ill., for plaintiffs.

William A. Schmitt, Thompson & Mitchell, Belleville, Ill., for defendant.

## MEMORANDUM AND ORDER

FOREMAN, Chief Judge:

Before the Court is defendant's Motion to Dismiss Plaintiff's First Amended Complaint. This is a diversity action involving Illinois plaintiffs and a Delaware defendant.

Plaintiff alleges that her deceased husband died as a result of an intentional tort committed by his employer, the defendant. The exclusivity provisions of the Illinois Workers Compensation Act would bar a common law recovery for his injuries and death on any basis but intentional tort. *Martin v. Granite City Steel*, 607 F.Supp. 1430 (S.D.Ill.1985); *Mier v. Staley*, 28 Ill. App.3d 373, 329 N.E.2d 1 (1975). Defendant seeks dismissal on the basis of two separate arguments. First, defendant argues that the plaintiff has failed to state a claim because the allegations incorrectly characterize behavior as intentional when it clearly was not. Second, defendant argues that plaintiff is precluded from recovering in a common law action when she has already pursued and received an award under the Workers Compensation Act. This Court rejects defendant's first argument, but concurs with its second contention.

In *Collier v. Wagner Castings Co.*, 81 Ill.2d 229, 41 Ill.Dec. 776, 408 N.E.2d 198 (1980), the Supreme Court of Illinois ruled that an injured employee may not bring suit against a co-employee, who allegedly inflicted the injuries intentionally, where the injured employee has collected compensation under the Workers Compensation Act. In the discussion leading up to its holding the Illinois Supreme Court mentions and compares the reasoning and analysis of Professor Larson, 2A A. Larson, Workers Compensation § 68.21 (1976), and a previous Illinois Appellate Court decision, *Jablonski v. Multack*, 63 Ill.App.3d 908, 20 Ill.Dec. 715, 380 N.E.2d 924 (1st Dist.1978). Both Professor Larson and the court in *Jablonski* adhere to the theory that an intentional tortfeasor should not be able to shield his liability by passing on the costs of his action to a compensation fund. However, the two authorities differ as to whether an injured employee may collect on a common law claim after receiving an award under the Workers Compensation Act. (See discussion in *Collier*, 41 Ill.Dec. at 776, 408 N.E.2d at 198.)

The court in *Collier* spoke favorably of both Larson's theory and the *Jablonski* decision never specifically stating which authority was most persuasive. However, it would seem inherent in the eventual outcome was a position taken in common with Professor Larson who suggests that election between a common law and statutory remedy is necessary. Because *Collier* addresses the issue of employees injured by co-employees, the plaintiff argues that the instant case is different. Plaintiff argues that where as here the employer is the alleged intentional tortfeasor the *Jablonski* reasoning would apply and the employee should be able to collect at common law even though an award under the Workers Compensation Act has already been received. Under *Jablsonki*, any common law recovery would be subject to a set off for the Workers Compensation award. Plaintiff's argument is understandable in light of the favorable treatment the *Jablonski* decision received in the *Collier* opinion. However, *Collier* never specifically adopts *Jablonski*. The *Collier* decision is not a model of clarity and decisiveness, however more recent case law indicates that *Collier* did foreclose the options of an injured employee wbo has already received a compensation award.

In *Fregeau v. Gillespie*, 106 Ill.App.3d 224, 62 Ill.Dec. 114, 435 N.E.2d 912, *revd* 96 Ill.2d 479, 71 Ill.Dec. 716, 451 N.E.2d 870 (1983), the Appellate Court of Illinois sitting in the Third District stated that it questioned the breadth of the *Collier* ruling concerning a compensation award barring later common law recovery. Again, in an employee suing co-employee situation, the Supreme Court of Illinois reversed the lower court and reaffirmed the position it took in *Collier*. *Id.* 71 Ill.Dec. at 719, 451 N.E.2d at 873. In reaffirming its position the court also discussed its previous application of *Collier* to situations where an employee was suing the employer and not a co-employee. In *Rhodes v. Industrial Commission*, 92 Ill.2d 467, 66 Ill.Dec. 83, 442 N.E.2d 509 (1982), the court held that if an employee has been compensated through a common law action, he cannot then recover under the Workers Compensa-

tion Act. *Rhodes* did not involve an intentional tort, however the court made no intimation that such a distinction was relevant in its determination that a choice of remedies must be made. Also, in *Robertson v. Travelers Insurance Co.*, 95 Ill.2d 441, 69 Ill.Dec. 954, 448 N.E.2d 866 (1983) the court held that a worker's tort claim against his employer, which was founded on vexatious delay in handling his compensation claim, could not be maintained in view of his previous recovery for the underlying compensation claim.

There is no reasonable argument for finding that the factual circumstances of this case are such that the Supreme Court of Illinois would alter its obvious pattern of requiring an injured employee, or those claiming in his place, to choose between accepting an award under the Workers Compensation Act or pursuing a common law action for damages. This Court is not alone in its position. The United States District Court for the Northern District of Illinois has also concluded that receipt of a statutory compensation award precludes any common law recovery. *Matter of Johns-Manville/Asbestosis Cases*, 511 F.Supp. 1229 (N.D.Ill.1981). The *Johns-Manville* case involved employees seeking recovery from their employer under an intentional tort theory among others. The court stated that such a theory was not barred by the exclusivity provisions of the Workers Compensation Act, however the claims of any employee who had previously pursued a statutory award were mandated dismissed by the *Collier* decision. *Id.* at 1234.

## CONCLUSION

It is uncontested that the plaintiff has previously sought and received an award of compensation for the death of her husband under the Illinois Workers Compensation Act. Based on the *Collier* and *Fregeau* decisions of the Supreme Court of Illinois, and in concurrence with the *Johns-Manville* decision in the United States District Court for the Northern District of Illinois, this Court rules that plaintiff is precluded from recovering at common law where a

compensation award has already been sought and accepted.

Accordingly, defendant's Motion to Dismiss Plaintiff's First Amended Complaint (Document No. 21) is GRANTED. Plaintiff's First Amended Complaint is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.