855 F.2d 426
 Helen DUNN, as Executor of the Estate of Darrell R. Dunn,
Deceased, Individually, and for the benefit of
Tawnia Dunn, a Minor, and Darrin Dunn, a
Minor, Plaintiff-Appellant,
v.
PEABODY COAL COMPANY, a Delaware corporation, Defendant-Appellee.
 No. 87-2433.
 United States Court of Appeals,
Seventh Circuit.
 Argued Feb. 8, 1988.
Decided Aug. 22, 1988.
 
 Harold B. Culley, Jr., West Frankfort, Ill., for plaintiff-appellant.
 William A. Schmitt, Thompson & Mitchell, Belleville, Ill., for defendant-appellee.
 Before POSNER, COFFEY and EASTERBROOK, Circuit Judges.
 COFFEY, Circuit Judge.
 
 
 1
 Plaintiff-appellant Helen Dunn, executor of the estate of Darrell Dunn, appeals the district court's dismissal of her amended complaint against the defendant, Peabody Coal Company, seeking compensation for the wrongful death of her husband. The district court dismissed the complaint noting that the plaintiff had previously received benefits from Darrell's employer under the Illinois workers' compensation statute, and Ill.Rev.Stat. ch. 48 Sec. 138.5(a) states that workers' compensation is an exclusive remedy. We affirm.
 
 
 2
 * Darrell Dunn died as a result of the injuries he received in a coal mine accident at Peabody's Eagle Mine # 2 in Gallatin County, Illinois, on December 22, 1982. The plaintiff's amended complaint alleged that Peabody Coal Company's supervisors directed Darrell Dunn and his crew to work in an unsafe underground coal mine under a roof that Peabody Coal Company knew to be dangerous as a result of its being inadequately supported. At the time Darrell Dunn was working in the mine, the roof collapsed causing rocks and debris to fall upon him and causing his fatal injuries and death two days later.
 
 
 3
 Helen Dunn, the decedent's wife, filed an administrative action against Peabody Coal Company under the Illinois Workers' Compensation Act, Ill.Rev.Stat. ch. 48 Sec. 138.1 on behalf of herself and her three minor dependents (the decedent's two children and a niece). The Industrial Commission for the state of Illinois entered a decision in her favor, and an arbitrator was designated to determine the appropriate amount of compensation payments for Helen Dunn and her dependent children. The arbitrator determined that she was entitled to $250,000 in compensation to be paid out over 20 years. Helen Dunn has been receiving workers' compensation payments for the past four years and will continue to receive payments until the 20-year payout period has concluded.
 
 
 4
 Two years after the arbitrator's award, Peabody Coal Company was indicted for violations of the Federal Mine, Health and Safety Act arising out of the Darrell Dunn accident. Peabody Coal Company did not contest the charges and paid the appropriate fine. Subsequently, Helen Dunn filed a civil complaint for wrongful death in the District Court for the Southern District of Illinois, premising federal jurisdiction on diversity of citizenship. Peabody moved to dismiss the complaint, arguing that the plaintiff's recovery of workers' compensation benefits from Peabody foreclosed any further recovery under Illinois law. The district court granted the motion, finding that "[i]t is uncontested that the plaintiff has previously sought and received an award of compensation for the death of her husband under the Illinois Workers' Compensation Act. Based on the Collier [v. Wagner Castings Co., 81 Ill.2d 229, 41 Ill.Dec. 776, 408 N.E.2d 198 (1980) ], and Fregeau [v. Gillespie, 96 Ill.2d 479, 71 Ill.Dec. 716, 451 N.E.2d 870 (1983) ], decisions of the Supreme Court of Illinois, ... this court rules that plaintiff is precluded from recovering at common law where a compensation award has already been sought and accepted." Dunn v. Peabody Coal Company, 661 F.Supp. 504 (S.D.Ill.1987) (order granting defendant's motion to dismiss plaintiff's first amended complaint).
 
 
 5
 In so ruling, the district court relied on Ill.Rev.Stat. ch. 48 Sec. 138.5(a), which denies dual recovery to a party who has previously received workers' compensation from his employer. This statute explicitly states that:
 
 
 6
 "No common law or statutory right to recover damages from the employer, his insurer, his broker, ... other than the compensation herein provided, is available to any employee who is covered by the provisions of this Act, to anyone wholly or partially dependent upon him, to legal representatives of his estate, or anyone otherwise entitled to recover damages for such injury."
 
 
 7
 Ill.Rev.Stat. ch. 48 Sec. 138.5(a) (emphasis added).
 
 
 8
 The plaintiff appeals the trial judge's dismissal of her first amended complaint, claiming that the court erred in applying the exclusive remedy provision of the Illinois Workers' Compensation Act when the injury resulted from an intentional tort, as alleged. Plaintiff also argues that she should be allowed to pursue a wrongful death claim because she was not aware that the common law cause of action existed against Peabody Coal Company until after Peabody was indicted for violations of the Federal Mine, Health and Safety Act. Plaintiff nevertheless agrees that any award received through litigation would be subject to subtraction of any workers' compensation payments.
 
 II
 
 9
 Federal Rule of Civil Procedure 12(b)(5) governs our review of the district court's decision to dismiss plaintiff's amended complaint. The rule states that a party may file a motion to dismiss for "failure to state a claim upon which relief can be granted." The Seventh Circuit has observed that "dismissal is ... only proper where it appears beyond doubt that [the plaintiff] can prove no set of facts in support of [his] claims which would entitle [him] to relief." Pryzina v. Ley, 813 F.2d 821, 822 (7th Cir.1987) (per curiam) (quoting Fromm v. Rosewell, 771 F.2d 1089, 1091 (7th Cir.1985), cert. denied, 475 U.S. 1012, 106 S.Ct. 1188, 89 L.Ed.2d 304 (1986)).
 
 
 10
 We shall now discuss the circumstances under which Illinois law permits an injured employee (or his dependents) to obtain relief outside workers' compensation once the employee has commenced receiving benefits under the Act. In resolving this issue it is the duty of a federal court sitting in diversity to apply the law of the state of the accident site as established. In Kottis v. United States Steel, 543 F.2d 22 (7th Cir.1976), this court, in an analogous case involving an Indiana workers' compensation problem, read the exclusivity provision of the Indiana Workers' Compensation Act (similar to the Illinois Act) to prohibit an employee from receiving compensation beyond that provided by workers' compensation. In interpreting the provisions of the Indiana Workers' Compensation Act, we stated that our duty "is to apply state law as it appears to have been laid down by the courts of the state." 543 F.2d at 26. In Kottis, the court further stated that if inroads or exceptions to exclusivity provisions are to be allowed on workers' compensation acts, it is the duty of the state court, not the federal court, to supply these inroads. Accordingly, decisions of the Illinois Supreme Court will guide this court's analysis of the proper interpretation of the exclusivity provision of Ill.Rev.Stat. ch. 48 Sec. 138.5(a).
 
 III
 
 11
 In determining whether the district court properly interpreted Sec. 138.5(a) as barring additional recovery pursuant to a wrongful death action to a claimant who has received benefits under the Act, we must look to both the purpose of the statute, as well as how the existing Illinois cases have interpreted its statutory language.
 
 
 12
 The Illinois Supreme Court has noted that the Illinois workers' compensation statute is designed to provide a single and exclusive method of recovery for employees injured in the course of their employment. In Meyer v. Buckman, 7 Ill.App.2d 385, 129 N.E.2d 603 (1955), the court stated that:
 
 
 13
 "the essential general purpose of the Act is to substitute an entirely new system of rights, remedies, and procedure for all previously common law or statutory rights and liabilities between employer and employees, for accidental injuries or death arising out of and in the course of employment operating under and subject to the Act."
 
 
 14
 Id., 129 N.E.2d at 609-10. The Supreme Court of Illinois has more recently pointed out that another overriding purpose of the Act is to provide a uniform, speedy, and cost-efficient (proof of fault is not required, thus streamlining the costly litigation process) method for the employee to receive benefits and the employer to pay those benefits. In Collier v. Wagner Castings Co., 81 Ill.2d 229, 41 Ill.Dec. 776, 408 N.E.2d 198 (1980), the Supreme Court of Illinois, applying Ill.Rev.Stat. ch. 48 Sec. 138.5(a), held that the Act's exclusivity provisions precluded an injured employee from suing his employer for the intentional infliction of emotional distress (based upon the company nurse's failure to provide assistance to the employee after he had suffered a cardiac arrest). After his heart attack, the employee received a settlement under workers' compensation. The court denied additional recovery under Illinois common law, grounding its decision "not only on a fear of double recovery, ... but also our desire to prevent the proliferation of litigation." 41 Ill.Dec. at 782, 408 N.E.2d at 204 (citation omitted). As Collier explained, both of these purposes square with the legislature's intent under Sec. 138.5(a) to limit an injured employee's recovery to the remedy provided under the workers' compensation statute:
 
 
 15
 "the Workmen's Compensation Act precludes a common-law action for damages by an employee under the act against a co-employee based on the latter's negligence during the course of their employment. That result follows from the basic purpose of workmen's compensation to place the cost of industrial accidents upon the industry. That purpose would be blunted if the cost of those accidents was shifted from one employee to another within the industry. So far as persons within the industry are concerned, the Workmen's Compensation Act eliminated fault as a basis of liability."
 
 
 16
 Id., 41 Ill.Dec. at 781, 408 N.E.2d at 203 (quoting Rylander v. Chicago Short Line Ry. Co., 17 Ill.2d 618, 628, 161 N.E.2d 812, 818 (1959)).
 
 
 17
 In this case, the Act's initial purpose--to limit the employee to a single cause of action--would be defeated if Helen Dunn were now allowed to litigate her wrongful death claim after having received workers' compensation for a period of over four years. In fact, the Illinois Supreme Court has ruled that when an employee accepts a workers' compensation award, that employee in effect waives his or her rights to later litigate those issues. The Supreme Court of Illinois held in Fregeau v. Gillespie, 96 Ill.2d 479, 71 Ill.Dec. 716, 451 N.E.2d 870 (1983), that when an employee chooses "to obtain compensation under the Act, which was designed to provide speedy recovery without proof of fault for accidental injuries, he is barred under the holding in Collier from bringing an action against his co-employee for civil damages." 71 Ill.Dec. at 719, 451 N.E.2d at 873. In Fregeau a co-employee assaulted Thomas Fregeau during the course of employment. Thomas Fregeau was awarded compensation under the Illinois Workers' Compensation Act. The court in Fregeau denied any additional recovery to the plaintiff "because the design of the Act 'was to serve as a substitute for an employee's common law right of action and not as a supplement to it.' " Id. (quoting Rhodes v. Industrial Comm'n, 92 Ill.2d 467, 471, 66 Ill.Dec. 83, 442 N.E.2d 509 (1982)).
 
 
 18
 The wisdom of the Illinois legislature that this vital legislation has been beneficial not only to the employees but to the employers as well must be respected. Illinois has reasonably determined that the statute encourages businesses to honor workers' compensation acts by assuring businesses that liability will be assessed fairly once and for all. The statute also reduces litigation costs for corporations and employees as well. Employees equally benefit from the statute because they receive just compensation without the high costs of proving fault through litigation and further loss of time away from work for lengthy trials.
 
 
 19
 Secondly, Illinois has made the reasonable judgment that an employee should not be allowed to receive compensation for an accident more than once. If this court were to sanction dual recovery, this Court not only would be acting contrary to Illinois law but would also be placing an unreasonable burden on the employer and/or his insurance carrier. If the court were to sanction dual recovery, businesses would be required to pay workers' compensation and then be subject to civil suits resulting from the same accident. Illinois has thus made the valid judgment that equity and justice should provide that a person injured by another may only litigate his or her claim once.
 
 
 20
 The Act's second purpose, preventing unnecessary litigation, clearly is advanced by limiting an employee's remedy to the single proceeding that fully compensates the employee. When an employee is fully and fairly compensated, further litigation for his or her work-related injury becomes unnecessary, and the Illinois legislature obviously intended that an award of compensation under the Act would preclude any future litigation. It would likewise be inconsistent with principles of estoppel to allow any further assessment of liability against Peabody Coal Company when Peabody is already making payments of an amount determined to fully compensate the plaintiff for the injuries sustained by her husband. In the face of Illinois' explicit judgment to limit an employee's recovery to one proceeding, to sanction any further litigation of this issue would inappropriately waste scarce judicial resources and unfairly place an added financial burden on Peabody Coal Company, which has already paid compensation to the plaintiff, Helen Dunn.
 
 
 21
 The statute also cuts down on the already heavy caseload of our overburdened court system. Accordingly, we hold that under both the terms and policy of Sec. 138.5(a), the plaintiff may not institute a state law cause of action for wrongful death after receiving workers' compensation benefits.
 
 IV
 
 22
 The plaintiff further contends that the exclusive remedy provision of the Workers' Compensation Act does not apply where the injury results from an intentional tort. In support plaintiff cites Jablonski v. Multack, 63 Ill.App.3d 908, 20 Ill.Dec. 715, 380 N.E.2d 924 (1978), where the Illinois Appellate Court held that the statute in question provides for compensation to be exclusive when the injury is a result of an "accident." The court in Jablonski went on to say that when the injury results from an intentional tort, the tortfeasor should not be allowed to hide behind a "shield against liability," 20 Ill.Dec. at 719, 380 N.E.2d at 928, provided by workers' compensation. The plaintiff urges that the conduct of defendant Peabody Coal Company was "intentional," not "accidental"; therefore, the statute does not apply, and dual recovery should be allowed.
 
 
 23
 To the extent Jablonski purports to carve out a judicially created "intentional tort" exception to the otherwise unambiguous exclusivity provisions (which contain no such exception), we read the Supreme Court of Illinois' holding in Collier as rejecting the Jablonski exception. In Collier, the court explicitly adopts Professor Larson's analysis concerning the liabilities of parties when the injury is caused by an intentional tort. Professor Larson states: "[i]f the injured party receives compensation pursuant to the act, he or she should not be heard to subsequently allege their intentional nature." 2A A. Larson, Workmen's Compensation Sec. 68.12 n. 9 (1988). Although Professor Larson also acknowledges that a litigant should be allowed to choose civil litigation over workers' compensation when the injury is one which results from an intentional tort, he nowhere in his analysis condones allowing dual recovery. In essence, Professor Larson implies that the exclusivity of the statute, in the sense that you may only recover from workers' compensation, does not apply (i.e., you may choose between workmen's compensation and litigation), but the exclusivity in the sense that you may only recover from one source is still intact. Nowhere in Professor Larson's analysis does he suggest that dual recovery is proper. Because the plaintiff in this case chose to accept workers' compensation, the clear terms of the Act's exclusivity provision foreclose her right to proceed with a separate lawsuit seeking further recovery from the defendant.
 
 V
 
 24
 In sum, the Illinois legislature has made a reasonable judgment that the exclusive remedy provision of the Workers' Compensation Act is in the best interests of litigants, businessmen, and the court system. Corporations comply with workers' compensation acts in exchange for relief from future liability and to be able to properly budget for such anticipated losses on an annual basis. Injured employees are afforded relief quickly and efficiently. And scarce judicial resources are preserved for other meritorious lawsuits. Illinois public policy will not allow us to overturn these important objectives. As a matter of comity and federalism, it is not the prerogative of a federal court sitting in diversity to second-guess the Illinois Supreme Court's analysis of the policy behind the statute's exclusivity provision. Thus, we refuse to allow a ruling contrary to the stated purpose and intentions of Ill.Rev.Stat. ch. 48 Sec. 138.5(a). We hold that the district court properly interpreted Illinois law and dismissed plaintiff's complaint. The decision of the district court is AFFIRMED.