THIRD DIVISION
DECEMBER 26, 2007

1-06-0822

| | | |
|---|---|---|
| WILLIAM J. FOSTER, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 04 L 11421 |
| | ) | |
| JOHN A. JOHNSON, | ) | Honorable |
| | ) | Lynn Egan, |
| Defendant-Appellee. | ) | Judge Presiding. |

JUSTICE CUNNINGHAM delivered the opinion of the court:

The plaintiff, William Foster, filed a lawsuit against the defendant, John Johnson, in the circuit court of Cook County for damages sustained from a battery which the defendant allegedly committed against the plaintiff while both parties were at work as employees of the Chicago Transit Authority (the CTA). The plaintiff appeals from the dismissal with prejudice of his cause of action pursuant to section 2-619 of the Code of Civil Procedure (the Code) (735 ILCS 5/2-619 (West 2002)) (section 2-619). On appeal, the plaintiff argues that the court erred by: (1) holding that the Workers' Compensation Act (the Act) (820 ILCS 305/5 (West 2002)) precludes him from bringing a lawsuit against the defendant for battery; and (2) finding that the CTA admitted liability in the workers' compensation action before the Industrial Commission heard his pending claims. For the following reasons, we reverse the order of the circuit court and remand for further proceedings consistent with this opinion.

BACKGROUND

The plaintiff and the defendant were both employees of the CTA, working in the West Shops facility at 3900 W. Maypole Ave, Chicago, Illinois. On October 17, 2002, the defendant allegedly

committed a battery against the plaintiff by pushing him in the chest, causing the plaintiff to fall backward and injure his right ankle, neck, and back. The defendant also allegedly slammed the plaintiff's foot in a door, causing injuries to the plaintiff's foot and ankle.

In November 2002, the plaintiff filed for workers' compensation benefits with the Industrial Commission for the injuries he sustained in the October 17 incident. An affidavit from Matthew Wicklander, a claims examiner for Sedgwick Claims Management Services, Inc. (a third-party administrator of workers' compensation claims on behalf of the CTA), stated that the CTA has paid a total of $657.35 for medical treatment received by the plaintiff for injuries related to the October 17 incident. The plaintiff's medical insurance carrier, Blue Cross and Blue Shield, has also paid over $2,000 for medical treatment related to the incident.

On October 8, 2004, the plaintiff filed this action in the circuit court of Cook County against the defendant, in his individual capacity, for damages resulting from the alleged battery. The defendant filed a motion to dismiss pursuant to section 2-619 of the Code (735 ILCS 5/2-619 (West 2002)). The defendant argued that the plaintiff was barred from recovering for injuries arising out of and during the course of his employment and that the plaintiff was judicially estopped from arguing inconsistent positions regarding the nature of his injuries. The defendant's motion to dismiss was denied. The defendant then filed an amended motion to dismiss, alleging that the Act precluded the plaintiff's recovery from a coworker in a common law intentional tort action arising out of and during the course of employment, where the plaintiff had already recovered from the employer under the Act. The plaintiff responded and asserted that the workers' compensation claim was still being disputed by the employer before the Industrial Commission and no determination had been made as

to whether the plaintiff's injuries arose in the course of his employment. In support of his position, the plaintiff attached a purported affidavit from his workers' compensation counsel, asserting that the plaintiff had not received any payments from the CTA under the Act. However, the affidavit did not comply with Supreme Court Rule 191(a) (210 Ill. 2d R. 191(a)). In any event, on appeal, the plaintiff acknowledges that the CTA paid $657.35 of his medical bills. The plaintiff also asserted that the CTA had not admitted liability in the matter and that the defendant in each action was different. The defendant (respondent) in the workers' compensation action is the CTA and the defendant in the civil action is John A. Johnson, in his individual capacity.

On January 30, 2006, the trial court heard the defendant's motion to dismiss. Although the plaintiff's counsel was absent from the hearing, the trial court relied on the plaintiff's arguments from his brief. The trial court granted the defendant's motion and dismissed the plaintiff's case with prejudice. The trial court held that the exclusivity provision of the Act does apply to coemployees and precluded the plaintiff's intentional tort lawsuit. The trial court found to be irrelevant the insignificant amount paid by the CTA for the plaintiff's medical bills as well as the fact that the CTA never admitted liability. The court held that the exclusivity clause of the Act precluded the plaintiff from filing a lawsuit for battery, because a workers' compensation payment was made for some of his medical bills, regardless of the amount of the payment.

The plaintiff subsequently filed a motion to vacate the trial court's order and a motion to reconsider the defendant's motion to dismiss. The plaintiff's counsel again failed to appear in court and the trial court struck the plaintiff's motion to vacate the dismissal. The plaintiff timely appealed the order of the trial court granting the defendant's motion to dismiss.

3

ANALYSIS

In a motion to dismiss pursuant to section 2-619 of the Code (735 ILCS 5/2-619 (West 2002)), a defendant may raise certain defects and defenses that negate a plaintiff's cause of action. Lawson v. City of Chicago, 278 Ill. App. 3d 628, 634, 662 N.E.2d 1377, 1382 (1996). Our review of a dismissal pursuant to section 2-619 is *de novo*. Lawson, 278 Ill. App. 3d at 634, 662 N.E.2d at 1382.

Section 5(a) of the Act prohibits plaintiffs from filing suit against a co-employee for an intentional tort after receiving a settlement or payment under the Act. Fregeau v. Gillespie, 96 Ill. 2d 479, 486, 451 N.E.2d 870, 873 (1983). The supreme court in Collier v. Wagner Castings Co., 81 Ill. 2d 229, 408 N.E.2d 198 (1980), and Fregeau v. Gillespie, 96 Ill. 2d 479, 451 N.E.2d 870 (1983), prevented the plaintiffs from suing their coemployees after they received settlements under the Act. In both cases, the Industrial Commission found that the plaintiffs' injuries were compensable under the Act *prior to* the filing of the lawsuits against their coemployees. In this case, section 5(a) is not applicable because the Industrial Commission has not determined whether the plaintiff's injuries are compensable under the Act. In order to be compensable under the Act, the plaintiff first must show that he has suffered an injury that arose out of and was in the course of his employment. Sisbro v. Industrial Comm'n, 207 Ill. 2d 193, 203, 797 N.E.2d 665, 671 (2003).

Here, the plaintiff sustained injures resulting from an altercation with the defendant. The plaintiff may only recover for his injuries under the Act if the circumstances surrounding the altercation arose out of, and was in the course of his employment. Generally, injuries resulting from

4

an altercation do not arise out of the employment when they originate from a purely personal dispute. Franklin v. Industrial Comm'n, 211 Ill. 2d 272, 279, 811 N.E.2d 684, 689 (2004). A compensable injury must arise from a dispute concerning the employer's work and risks incidental to employment. Franklin, 211 Ill. 2d at 279-80, 811 N.E.2d at 689. Neither the complaint nor the record yield the necessary facts to determine whether the plaintiff's injuries arose out of his employment. The record and the complaint lack any facts describing the events and circumstances that preceded the altercation. For example, there is no information regarding which of the two combatants was the aggressor and what may have precipitated the physical altercation. Without these facts, we cannot determine whether the plaintiff's injuries are compensable under the Act.

Although the CTA paid $657.35 of the plaintiff's medical bills, this payment does not determine whether the plaintiff's injuries are compensable under the Act. The plaintiff must still demonstrate that his injuries arose out of and were in the course of his employment. It is noteworthy that counsel representing the defendant and the CTA notably stated during oral argument that the CTA "mistakenly" paid the $657.35 and is vigorously contesting the plaintiff's workers' compensation claim. Since the trial court has dismissed the plaintiffs civil lawsuit, if the Industrial Commission subsequently denies the plaintiff's workers' compensation claim, the plaintiff is then left without a forum to which he can turn. Thus, we believe that the trial court must conduct a hearing on the facts and circumstances of the incident which gave rise to the lawsuit and the workers' compensation claim. There simply was not enough information upon which to determine whether the plaintiff had chosen the correct forum in which to advance his case. Compensability under the Act must be established to defeat the plaintiff's civil action against the defendant, individually. We

5

have no opinion regarding the outcome of such a hearing. However, the specific facts and circumstances of this case require such an inquiry by the trial court prior to dismissing the plaintiff's lawsuit.

This case is remanded to the trial court for a hearing to determine whether the plaintiff's injury is compensable under the Act. For the reasons stated, the order of the circuit court of Cook County is reversed and the matter is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

GREIMAN and THEIS, JJ., concur.