2016 IL App (1st) 151369
No. 1-15-1369
Opinion filed March 8, 2016

Second Division

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| JOSEPH LOCASTO, | ) | |
| | ) | Appeal from the Circuit Court |
| Platiniff-Appellant, | ) | of Cook County. |
| | ) | |
| v. | ) | |
| | ) | No. 14 L 8230 |
| THE CITY OF CHICAGO, a Municipal | ) | |
| Corporation, JOHN S. McKILLOP, Director of | ) | |
| Training/EMS, ARF ABDELLATIF, MONICA | ) | The Honorable |
| PORTER, and ANTHONY LONGINI, | ) | Themis N. Karnezis, |
| | ) | Judge, presiding. |
| | ) | |
| Defendants-Appellees. | ) | |

JUSTICE HYMAN delivered the judgment of the court, with opinion.
Presiding Justice Pierce and Justice Neville concurred in the judgment and opinion.

**OPINION**

¶ 1     At issue is whether a Chicago fire department paramedic trainee who was injured while participating in a training program may sue the city and fire academy training staff for damages after having obtained workers' compensation benefits for his injuries. Joseph Locasto sued defendants alleging they intentionally injured him during firefighter paramedic training by forcing him to engage in rigorous physical exercise with minimal water breaks that resulted in dehydration and acute kidney failure. While his lawsuit was pending, Locasto also filed a claim

for workers' compensation benefits, which was successful, and he eventually received medical expenses and disability benefits.

¶ 2        We previously resolved an appeal in this case involving an order of default judgment entered against defendants for their having repeatedly failed to timely respond to Locasto's discovery requests. *Locasto v. City of Chicago*, 2014 IL App (1st) 113576. After remand, defendants filed a motion for summary judgment, arguing that an award of medical expenses and disability benefits in his workers' compensation claim precluded the tort case, citing the exclusive remedy provisions of the Workers' Compensation Act (Act) (820 ILCS 305/5(a), 305/11 (West 2012)). The trial court agreed, and granted the motion for summary judgment. We find that the exclusive remedy provisions apply to Locasto's claim, and affirm.

¶ 3                                        BACKGROUND

¶ 4        While his tort claim was pending, Locasto filed a claim for workers' compensation with the Illinois Workers' Compensation Commission. An arbitrator found Locasto's injuries had been "sustained [in] an accident arising out of and in the course of his employment" with the city and that his "present condition of ill-being is causally related to those work accidents." The arbitrator awarded Locasto $152,788.74 in reasonable and related medical expenses and concluded that he was entitled to temporary total disability (TTD) benefits from May 8, 2008 through October 5, 2009 (the day before Locasto began part-time employment as an IV technician with Children's Memorial Hospital) but was not entitled to temporary partial disability benefits (TPD) after October 6, 2009. On review of that decision, the Commission reduced the medical expenses award to $138,202 and modified the award of disability benefits by awarding Locasto TPD benefits from October 6, 2009 through May 5, 2010. On administrative review, the circuit court confirmed the Commission's ruling. The appellate court, however, reversed the Commission's ruling awarding disability benefits after the date on which the retirement board found Locasto had made a full recovery and affirmed in all other respects,

including the commission's award of medical expenses and TTD benefits for time periods before Locasto's full recovery. *City of Chicago v. Illinois Workers' Compensation Comm'n*, 2014 IL App (1st) 121507WC. At the time of this appeal, the city had paid Locasto almost $150,000.

¶ 5         After remand of *Locasto v. City of Chicago*, 2014 IL App (1st) 113576, which involved the reversal of sanctions for defendants' discovery abuses, defendants moved for summary judgment arguing that Locasto's award of workers' compensation benefits barred his claim and there was no evidence of defendants' specific intent to injure him. Locasto responded that his injuries were intentional acts and that Illinois courts have consistently held that intentional torts allow an employee to bring a claim directly against the responsible employer or coworker as an exception to the Act's exclusive remedy provision. Locasto also argued that the exclusive remedy provision of the Act does not apply when the injuries are committed by the employer, as opposed to a coworker. Locasto contended the fire department instructors were acting at the direction of the fire department, and thus as the alter ego of their employer. Locasto also contended that the doctrines of election of remedies and estoppel do not bar his lawsuit because he claimed that his injuries were intentionally inflicted in both his complaint and before the Commission and because his injuries did not have to be accidental to be compensable under the Act. After a hearing, the circuit court granted the defendants' summary judgment motion. Locasto filed a motion to reconsider, which the circuit court denied.

¶ 6                                    ANALYSIS

¶ 7         Locasto contends this lawsuit falls into an exception to the exclusive remedy provision of the Act because defendants acted intentionally in injuring him. Defendants respond that, under the exclusive remedy provisions, by pursuing and accepting workers' compensation benefits for his injuries, Locasto elected his remedy and forfeited his right to receive additional compensation for his injuries through a tort action.

¶ 8    We agree with defendants. Once an employee has collected compensation on the basis that his or her injuries were compensable under the Act, the employee cannot then allege that those injuries fall outside the Act's provisions. See *Collier v. Wagner Castings Co.*, 81 Ill. 2d 229, 241 (1980). Accordingly, we conclude that having applied for and accepted workers' compensation benefits, Locasto was barred from pursuing an intentional tort action against defendants.

¶ 9    Summary judgment is proper where the pleadings, depositions, admissions, and affidavits on file demonstrate that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2012). Appellate courts review summary judgment decisions *de novo*. *Jones v. Country Mutual Insurance Co.*, 371 Ill. App. 3d 1096, 1098 (2007).

¶ 10    The Act "was designed to provide speedy recovery without proof of fault for accidental injuries" that occur in the work place during the course of work. *Fregeau v. Gillespie*, 96 Ill. 2d 479, 486 (1983). Compensation under the Act provides the exclusive remedy for types of injuries set out in sections 5(a) and 11 (820 ILCS 305/5(a), 11 (West 2012)). Section 5(a) prohibits "common law or statutory right to recover damages from the employer *** for injury or death sustained by any employee while engaged in the line of his duty as such employee, other than the compensation herein provided." 820 ILCS 305/5(a) (West 2012). Similarly, section 11 states that compensation "shall be the measure of the responsibility of any employer" as defined in the Act. 820 ILCS 305/11 (West 2012). Thus, under these exclusivity provisions, an injured employee is not permitted to seek workers' compensation benefits, claiming that the injuries are compensable under the Act, while additionally pursuing a common law action for, as here, intentional tort. *Collier*, 81 Ill. 2d at 241. To avoid the exclusivity bar of sections 5(a) and 11, a plaintiff must

prove " 'either that the injury (1) was not accidental (2) did not arise from his or her employment, (3) was not received during the course of employment or (4) was noncompensable under the Act.' " *Fregeau*, 96 Ill. 2d at 483 (quoting *Collier*, 81 Ill. 2d at 237).

¶ 11        Locasto argues that his case falls under the first exception—not accidental. Beginning with *Collier*, our supreme court has held that collecting workers' compensation benefits for an injury is inconsistent with a common law suit alleging the injury was the result of an employer's or coemployee's intentional conduct. In *Collier*, an employee brought a complaint against his employer, alleging that the employee suffered a heart attack while at work. Before filing the complaint, the employee accepted a lump sum workers' compensation payment under the Act. The circuit court dismissed the employee's complaint, the appellate court affirmed, and our supreme court agreed, holding that collecting workers' compensation benefits on the basis that an employee's injury was "accidental" and thus compensable under the Act is legally inconsistent with an allegation in a common law suit that the employee's injury was "intentional" and thus falls outside the Act's provisions. See *Collier,* 81 Ill. 2d at 241.

¶ 12        After *Collier*, the supreme court has consistently held that if an employee has been compensated for an injury through a common law action, he or she cannot then recover under the Act for the injury. For instance, in *Fregeau* an employee brought an action against his co-employee for civil damages arising from an assault and battery committed against him during the course of his employment. As an affirmative defense to the complaint, the coemployee alleged that the plaintiff had also filed an application for adjustment of claim with the Industrial Commission. The trial court granted defendant's motion for summary judgment on his affirmative defense, based on plaintiff's deposition testimony that he had filed for and received workers' compensation benefits from their employer. The appellate court reversed, holding that

the decision to accept workers' compensation benefits did not preclude plaintiff from bringing an action against the coemployee for an intentional tort. The Illinois Supreme Court held, however, that the appellate court's ruling directly conflicted with its holding in *Collier* and must be reversed. *Fregeau,* 96 Ill. 2d at 480-81.

¶ 13 The court noted that following *Collier* it had held that if an employee has been compensated for an injury through a common law action, the employee cannot then recover under the Act for the injury. See *Rhodes v. Industrial Comm'n*, 92 Ill. 2d 467, 471 (1982). The court stated in *Rhodes* that there is nothing to prevent a cautious employee who has a pending workers' compensation claim from also filing a common law action, if he or she is uncertain of the ground for recovery. This tolls the statute of limitations, although the employee cannot recover payments from the employer under both actions because the Act was designed "to serve as a substitute for an employee's common law right of action and not as a supplement to it." *Id*. The court concluded in *Fregeau* that because the employee chose to obtain compensation under the Act, which was designed to provide speedy recovery without proof of fault for accidental injuries, the holding of *Collier* barred him from bringing an action against his coemployee for civil damages. *Fregeau,* 96 Ill. 2d at 486.

¶ 14 Locasto contends that the holdings in *Collier* and *Fregeau* only apply to claims against coworkers and do not bar claims like his that contend that the employer intentionally "directed, encouraged, or committed" the tortuous conduct. This same argument was rejected in *James v. Caterpillar Inc.*, 242 Ill. App. 3d 538, 553 (1993). In *James*, the special administrator of estate of deceased employee, who was driving a forklift at work when he was killed in an explosion, brought suit against his employer and the forklift manufacturer, alleging the employer was guilty of several intentional and deliberate acts that resulted in the decedent's death. The employer filed

a motion to dismiss asserting that it had paid benefits to plaintiff under the Act and that the plaintiff had failed to allege that his complaint was not barred by the exclusive remedy provisions. The trial court granted the motion to dismiss, and the appellate court affirmed the dismissal.

¶ 15    Like Locasto, the plaintiff in *James* sought to distinguish *Collier* and its progeny by asserting that those cases involved causes of action against the employer or coemployee or both based on an intentional tort committed against the plaintiff. The court rejected this distinction finding that "whether a plaintiff seeks to bring a common law action against his employer for an intentional tort based upon the actions of his coemployee or the employer *** plaintiff's claim will be barred by the exclusivity provisions of the Act if plaintiff has filed for and received workers' compensation benefits." *Id*. at 551. While an employee may bring suit against his or her employer alleging intentional tort while also pursuing a workers' compensation claim, once the employee *actually receives* compensation under the Act, this acceptance precludes recovering in the tort case. *Id*. at 547-48 (citing *Rhodes*, 92 Ill. 2d at 471). Collecting workers' compensation benefits on the basis that an employee's injury was "accidental," and thus compensable under the Act (as the supreme court first concluded in *Collier*), is legally inconsistent with an allegation in a common law suit that the employee's injury was "intentional," and hence falls outside the Act's provisions. See *Collier*, 81 Ill. 2d at 241.

¶ 16    As in *Collier, James* and similar cases, because Locasto chose to obtain compensation under the Act, which was designed to provide speedy recovery without proof of fault for accidental injuries, he is barred from bringing this action against defendants for civil damages. Thus, the circuit court order granting defendants' motion for summary judgment is affirmed.

¶ 17    Affirmed.